**CITY OF SOUTH BURLINGTON v. DEPARTMENT OF CORRECTIONS**

[762 A.2d 1229]

No. 99-308

July 19, 2000. The City of South Burlington appeals from a dismissal of its action for failure to state a claim for an injunction enforcing the terms of a zoning permit granted to the Department of Corrections. The City argues that the trial court erred in: (1) holding that the Department was not bound by the exclusivity-of-remedy provision for zoning disputes under 24 V.S.A. § 4472; and (2)

---

holding that the Department is, as an agency of the sovereign, immune from local zoning regulations. We agree with the first claim of error and reverse.

The State of Vermont, through the Department of Corrections (the Department), operates a prison on property located in the City of South Burlington (the City). In 1992, the Department applied to the City planning commission for site plan approval to add 5,000 square feet of administrative space to the Chittenden Regional Correctional Facility. In its application, the Department represented that the expansion would not result in an increase in either inmates or employees. The planning commission therefore made specific findings of fact that the facility would not increase its number of employees nor its number of inmates. The commission went on to note that no additional parking spaces were needed, nor would any additional sewer demand be generated because there would not be any additional inmates or employees. The commission also observed that although the prison was a prior nonconforming use, the degree of nonconformity would not increase due to the administrative expansion. The commission concluded, "[t]his approval is conditional on a maximum of 197 permanent or semi-permanent beds. Any increase in permanent or semi-permanent beds shall require Planning Commission approval." The Department did not appeal this decision. Seven years passed.

In January 1999, the City sought to enjoin the Department from using the facility to house more than 197 inmates. The City alleges that since 1997 the Department has regularly housed more than 197 inmates at the facility. The Department moved to dismiss the complaint, claiming sovereign immunity from suit, and the court granted the motion. The City appeals.

Below, the City argued that 24 V.S.A. § 4472 barred the Department from challenging the validity of the 197-inmate limitation because the Department did not appeal the 1992 decision. Section 4472(a) provides:

> Except as provided in subsection (b) and (c) hereof, the exclusive remedy of an interested person with respect to any decision or act taken, or any failure to act, [in a matter of municipal planning and zoning] shall be the appeal to the board of adjustment or the development review board under section 4464 of this title . . . .

We have "strictly enforced the exclusivity-of-remedy provision consistent with the evident legislative intent to require all zoning contests to go through the administrative review process in a timely fashion." *Town of Sandgate v Colehamer*, 156 Vt. 77, 84, 589 A.2d 1205, 1209 (1990) (collecting cases). We have recognized that the policy underlying the statute is to assure parties of finality. See *Levy v. Town of St. Albans*, 152 Vt. 139, 142, 564 A.2d 1361, 1363 (1989). Thus, subsection (d) declares:

> Upon the failure of any interested person to appeal to a board of adjustment under section 4464 of this title, or to appeal to a superior court under section 4471 of this title, all interested persons affected shall be bound by such decision or act . . . and shall not thereafter contest, *either directly or indirectly*, such decision or act . . . *in any proceeding, including, without limitation, any proceeding brought to enforce this chapter.*

24 V.S.A. § 4472(d) (emphasis added). The broad and unmistakable language of this provision is designed to prevent *any* kind of collateral attack on a zoning deci-

sion that has not been properly appealed through the mechanisms provided by the municipal planning and development statutes.

We have enforced these sections of § 4472, which are two sides of the same coin, uniformly in cases stretching back several decades. In *Colehamer*, 156 Vt. at 85, 589 A.2d at 1210, we held that the plain language of § 4472 "clearly applies to defenses raised in enforcement proceedings and clearly applies to attacks on the validity of zoning provisions unless they raise constitutional issues." We therefore held that the defendant who had received a citation for violating a zoning ordinance was required to appeal the citation to challenge the ordinance's validity. See *id.* at 85-86, 589 A.2d at 1210. We reviewed the cases enforcing the exclusivity-of-remedy provision and concluded that the broad right of appeal, coupled with the plain language of the statute, barred the defendant from collaterally attacking the zoning ordinance. See *id.* In *Town of Charlotte v. Richmond*, 158 Vt. 354, 357, 609 A.2d 638, 639-40 (1992), we held that *Colehamer* applied to affirmative defenses and therefore the defendants' affirmative defense of a permitted nonconforming use was barred by failure to properly appeal a zoning decision under § 4472.

In perhaps the most closely analogous case, we held that where the zoning board issued a building permit to a dog-racing facility and the superior court later found the approval to have been void as beyond the board's authority to grant, plaintiff-neighbors were barred from attacking that board decision by § 4472. See *Levy*, 152 Vt. at 142, 564 A.2d at 1364. We observed that § 4472 "implements a policy of repose . . . [to ensure] the orderly governance of development." *Id.* at 143, 564 A.2d at 1364. As the plaintiffs had not appealed the original decision of the zoning board but were attempting to collaterally attack it in *Levy*, we concluded that

§ 4472 "forecloses such a contest" and deprives the court of jurisdiction to hear such claims. *Id.* at 142, 564 A.2d at 1363. As does the Department in this case, the *Levy* plaintiffs argued that § 4472 does not apply where the zoning decision was void at the time it was made. We rejected that argument, noting that the Legislature chose to provide finality and repose in zoning disputes, and concluded that this policy prevailed "even where the board's ruling is ultra vires." *Id.* at 143, 564 A.2d at 1364.

*Levy* relied in part on *Graves v. Town of Waitsfield*, 130 Vt. 292, 295, 292 A.2d 247, 249 (1972). There, we held that, despite the town's contention that a permit was void because the issuing administrator lacked the authority to issue it, § 4472 precluded the Town from contesting the validity of the permit. See *id.* See also *Harvey v. Town of Waitsfield*, 137 Vt. 80, 83, 401 A.2d 900, 901 (1979), *overruled on other grounds by Mohr v. Village of Manchester*, 161 Vt. 562, 641 A.2d 89 (1993) (§ 4472 barred collateral attack on zoning board decision even where action challenged validity of zoning ordinance from which board's authority derived). We adhered to the rule that § 4472 bars attack on a zoning decision even when the decision is alleged to have been void ab initio in *Phillips Construction Services, Inc. v. Town of Ferrisburg*, 154 Vt. 483, 485, 580 A.2d 50, 51 (1990).

In 1992, the Department applied to the City for a zoning permit for its administrative expansion. It made representations at the time that no change in the number of employees or inmates would result from the expansion. The City's planning commission relied on those representations and conditioned its site plan approval on the fact that the facility would not house more than 197 inmates. This condition was clear and explicit in the commission's approval. The Department chose not to appeal this condition, and the decision became final. The De-

partment may not now argue, seven years later, that the commission was without authority. We see no reason to depart from the clear line of our precedent on this point.

The Department responds that it cannot be bound by § 4472 because it, as an agency of the sovereign, is immune from municipal zoning regulations of any factor not specifically enumerated in 24 V.S.A. § 4409. It further argues that it had no need to appeal the 1992 site-plan approval because it knew the condition was unenforceable due to its sovereign immunity. Essentially, the Department argues that it need not raise its claim to sovereign immunity until it chooses to do so and that no zoning proceeding is really final because it can always reopen a dispute by claiming sovereign immunity. We reject this argument. Section 4472 demonstrates an unmistakable intent to limit zoning disputes to a well-defined procedure and to provide finality at the end of proceedings. We are not convinced that the State should be exempt from these requirements.

Other states have held, in particular cases, that an entity may be barred from raising sovereign immunity by its failure to preserve the issue in prior stages of litigation, or by failure to perfect its appeal. See, e.g., *Miller v. Griesel*, 308 N.E.2d 701, 704-05 (Ind. 1974) (holding that where sovereign immunity defense was not raised at trial court level, it was improper for consideration on appeal); *Missouri Highway & Transp. Comm'n v. Kansas City Cold Storage, Inc.*, 948 S.W.2d 679, 682 (Mo. Ct. App. 1997) (where state highway commission did not raise sovereign immunity during trial, matter was not preserved for review except for plain error); *Federal Land Bank of Omaha v. Jensen*, 415 N.W.2d 155, 159 (S.D. 1987) (holding that claim of sovereign immunity from punitive damages which was not presented to trial court was not preserved for appeal). Cf.

*Aboujdid v. Singapore Airlines, Ltd.*, 494 N.E.2d 1055, 1058-59 (N.Y 1986) (holding that conduct of party in litigation may constitute waiver of foreign sovereign immunity in particular case and concluding one airline had so conducted itself as to waive sovereign immunity).

Requiring preservation, even of jurisdictional issues such as sovereign immunity, is in keeping not only with the policy underlying § 4472, but with our decision in *In re Denio*, 158 Vt. 230, 608 A.2d 1166 (1992). In *Denio*, landowners had submitted themselves to the permitting process under Act 250 and received a permit for their proposed subdivision but objected to conditions imposed by the Environmental Board. On appeal, they raised for the first time the claim that the Board lacked subject-matter jurisdiction over them. Like the Department's sovereign immunity argument here, the Denios argued that subject-matter jurisdiction may be raised at any time. We rejected that argument based on the strong legislative policy requiring preservation and held that the Denios were barred from raising subject-matter jurisdiction by their failure to preserve the issue below. See *id.* at 236, 608 A.2d at 1169-70. The requirement of preservation stemmed from the strong legislative policy embodied in a statutory provision requiring preservation except in extraordinary circumstances. See *id.* at 234, 608 A.2d at 1168 (citing 10 V.S.A. § 6089(c)). We noted that we had previously applied the statute to other jurisdictional issues and that it comported with the law of exhaustion of administrative remedies. See *id.* at 234, 608 A.2d at 1169. Further, we explained the policy reasons for enforcing a requirement of preservation in jurisdictional disputes. We noted that the statutory language did not except jurisdictional issues and that many disputes can be cleverly reframed as jurisdictional issues, thereby permitting applicants for Act 250 permits to avoid raising jurisdictional disputes

before the Board. See *id.* at 235, 608 A.2d at 1169. "As a result, the most important decisions on the scope of Act 250 [would] be made without involvement of the Board or its expertise." *Id.* Therefore, we held that the applicants had a duty to raise their jurisdictional objections and that their failure to do so foreclosed the later challenge. See *id.* at 236, 608 A.2d at 1169-70.

The analysis in this case is similar. The Department applied for site plan approval and received it, but the approval was conditioned on a maximum figure of 197 inmates. The Department chose not to appeal that condition despite § 4472's requirement that *any* interested party must appeal or forfeit its right to challenge zoning decisions. The longstanding interpretation of § 4472 dictates that failure to appeal forecloses collateral attacks on zoning decisions, even where the zoning body's authority is challenged. As the Department is barred from challenging the validity of the 1992 condition in this proceeding to enforce that condition, the trial court was without jurisdiction to consider the issue. See *Levy*, 152 Vt. at 142, 564 A.2d at 1363.

*Reversed.*

Motion for reargument denied October 23, 2000.