STATE OF VERMONT
ENVIRONMENTAL COURT

|  | } |  |
|---|---|---|
| **Appeal of Hart** | } | **Docket No. 183-10-04 Vtec** |
|  | } |  |
|  | } |  |

### Decision and Order on Cross Motions for Summary Judgment

Appellant–Applicant James Tyler Hart (Appellant) appealed from a decision of the Town of Huntington Planning Commission (Commission) dated September 15, 2004, which denied Appellant's request that the Commission amend its September 9, 2003 final subdivision approval for Appellant's proposed three-lot planned residential development (PRD) subdivision on Happy Hollow Road. Appellant had requested that the Commission amend its 2003 decision by deleting Condition # 7, which required Appellant to "provide a letter of resolution related to fire protection from the Huntington Fire Chief Tate Jeffrey." Appellant is represented by Robert J. Perry, Esq.; the Town of Huntington (Town) is represented by James F. Carroll, Esq. Both parties filed motions for summary judgment.

### Factual Background

The following facts are undisputed unless otherwise noted:

1. On April 25, 2003, Appellant submitted a subdivision application for a three-lot PRD/subdivision on Happy Hollow Road.[1]

2. There are two ponds in the area of the proposed PRD, both of which are on lands owned by Appellant at the time of the application. The "lower pond" is located within the proposed PRD on proposed Lot 1; the "upper pond" is located easterly of the "lower pond" on land not included in the proposed PRD. At an unspecified date

---

[1] The application form used is for a subdivision, but the cover letter says the application is for a PRD—see Attach. A to the Town's Statement of Undisp. Material Facts.

between September 30, 2003, and April 20, 2004, Appellant sold the parcel containing the upper pond to a third party named Ganzenmuller.

3. On June 10, 2003, the Commission held a preliminary hearing on Appellant's application, granting preliminary approval by unanimous vote, and determining that "Applicant will request letters from the Fire Chief and Superintendent of Schools for July 1st."

4. On June 17, 2003, Appellant submitted revised plans for the subdivision, again proposing a three-lot PRD with Lot 1 being 10.1 acres, Lot 2 being 28.7 acres, Lot 3 being 2.7 acres.

5. On July 15, 2003, Huntington Fire Chief Tate Jeffrey submitted a letter to the Commission, stating that "it would be appreciated if Mr. Hart would authorize the department to install, at our cost, a dry hydrant in [the upper pond] if we choose to do so," and recommending that "if the department doesn't install a hydrant prior to the issuance of either building permit for the two new lots, that the installation of a dry hydrant, by the owner/builder, be a stipulation of the first permit."

6. Also on July 15, 2003, Appellant submitted a letter to the Commission, stating in part that "the Planning Commission does not have authority to make the installation of a dry hydrant a condition of approval of my 3-lot subdivision. I would object to any such condition."

7. On the evening of July 15, 2003, the Commission reconvened the hearing on Appellant's PRD/subdivision request, deciding to continue deliberations to a future meeting.

8. On September 9, 2003, the Commission issued its Findings of fact, Conclusion, and Order, approving the PRD/subdivision and imposing Condition # 7 which reads as follows: "The Applicant will provide a letter of resolution related to fire protection from Huntington Fire Chief Tate Jeffrey."

9. No appeal was taken from the September 9, 2003 Final Order.

10.     Thereafter, Appellant, Fire Chief Tate Jeffrey, and members of the Commission exchanged numerous oral and written communications, but failed to produce a resolution of the disputed issue of whether it was appropriate to require that a hydrant be installed and, if so, who should shoulder its costs.

11.     On September 1, 2004, Appellant submitted a letter requesting that the Commission "reconsider item # 7 of the final order," and stating that "[s]pecifically, the request is to remove and delete the requirement to 'provide a letter of resolution related to fire protection from Huntington Fire Chief Tate Jeffrey.'"

12.     On September 14, 2004, the Commission considered Appellant's request to amend the Final Order, and sent a letter to Appellant on September 15, 2004, denying Appellant's "request for deletion of item 7."

13.     On October 11, 2004, Appellant appealed "the Huntington Planning Commission Decision dated September 15, 2004, denying Appellant's request for modification of a prior Planning Commission approval."

## Discussion

Mr. Hart is appealing from the Commission's September 15, 2004 denial of his request to delete Condition # 7 from its prior decision, which states "[t]he Applicant will provide a letter of resolution related to fire protection from Huntington Fire Chief Tate Jeffrey." No such resolution is apparently possible, as the Appellant and Fire Chief disagree about the need for a hydrant and who should pay for it, if one is required.

The Town characterizes Hart's appeal as "an untimely collateral attack on a condition imposed on September 9, 2003 by the Huntington Planning Commission," Town's Mot. for Summ. J., at 3. In doing so, the Town points out, correctly, that numerous Vermont cases hold that collateral attacks on zoning decisions are barred by 24 V.S.A. § 4472(d).[2] See City of South Burlington v. Dept. of Corrections, 171 Vt. 587,

---

[2] Section 4472(d) states in its entirety: "(d) Upon the failure of any interested person to appeal to an appropriate municipal panel under section 4465 of this title, or to appeal to the environmental court under section 4471 of this

588-89 (2000) ('The broad and unmistakable language of [§ 4472(d)] is designed to prevent *any* kind of collateral attack on a zoning decision that has not been properly appealed through the mechanisms provided by the municipal planning and development statutes.") (emphasis in original); <u>Levy v. Town of St. Albans Zoning Bd. of Adjustment</u>, 152 Vt. 139, 143 (1989) ("[section] 4472 implements a policy of repose, even where the board's ruling is ultra vires."). The Town moved for summary judgment on the question of whether V.S.A. § 4472 bars this Court from considering this appeal, arguing that Appellant's Statement of Questions attacks a permit condition imposed by an earlier Commission decision from which no timely appeal was taken.

The Town's position is understandable, given the inartful drafting of the sole question in Appellant's Statement of Questions: "Whether the Town of Huntington can condition Appellant's subdivision approval on construction of a dry fire hydrant for fire protection in the general vicinity of Appellant's land but which provides no benefit to his property." This question appears on its face to be a challenge to the authority of the Commission to impose Condition # 7 in its September 9, 2003 decision, even though that condition makes no mention of a dry fire hydrant. To the extent that Appellant's appeal challenges the Town's authority to impose Condition # 7, the appeal constitutes an impermissible collateral attack on an un-appealed zoning decision and the Town's motion should be granted.[3]

However, it is clear from the procedural posture of this case that Appellant is appealing from the Commission's denial of his request that it reconsider Condition # 7

title, all interested persons affected shall be bound by that decision or act of that officer, the provisions, or the decisions of the panel, as the case may be, and shall not thereafter contest, either directly or indirectly, the decision or act, provision, or decision of the panel in any proceeding, including any proceeding brought to enforce this chapter."

[3] Further, to the extent Appellant intends his sole Question to be read more broadly, as a general challenge to the Town's general authority to impose a condition that requires an applicant to address a fire protection issue, this Court would be inclined to deny Applicant's appeal. We choose not to do so here, as Appellant-Applicant makes clear in his Memorandum filing of November 21, 2005 that his Question should be read as a more narrow challenge to the Planning Commission's decision of September 15, 2004, to not grant his request to consider alternatives to its prior directive that Appellant submit "a letter of resolution" from Chief Jeffrey, given that no resolution had been reached.

in light of arguably unforeseen difficulties in fulfilling that condition. The Commission's denial was issued on September 15, 2004. Mr. Hart appealed that decision on October 11, 2004, well within the time limit for filing such appeals. V.R.E.C.P. 5(b). The need for an amendment to the terms of the condition, or even the elimination of the condition, would be required under some easily imagined circumstances. For example, if Mr. Jeffrey ceased to volunteer as Town Fire Chief, then no "letter of resolution from Fire Chief Tate Jeffrey" would be possible. In such a situation, a refusal to amend the order imposing that condition would be unreasonable and grounds for an appeal to this Court.

In this case, the question before the Court is whether events occurring after the imposition of Condition # 7 warranted an amendment to the Commission's 2003 decision. Given that the issue is now before this Court in a de novo appeal, we must now determine how to respond to Appellant's request that Condition 7 be revised or deleted. In doing so, we must first determine whether the condition should be regarded as a "final decision," the review of which may be limited by 24 V.S.A. § 4472, as the Town now suggests.

The circumstances here lead us to conclude that we cannot consider Condition # 7 to be a final condition. Indeed, it appears that the Commission did not consider it to be a final condition, as the undisputed evidence shows that the Commission continued to have doubts regarding the condition well past its September 9, 2003, decision. See Attach. J to Town's Statement of Undisp. Facts, email of Markley Smith sent April 20, 2004 ("I think the [hydrant] situation puts the PC in a difficult position. . . . Either we drop it as a requirement or request an alternative plan"); Attach. J to Town's Statement of Undisp. Facts, Commission letter to Applicant dated November 17, 2003 ("At its meeting on November 11, 2003, the Commission reviewed the copy of the letter written to you by Fire Chief Tate Jeffrey. After some discussion, they determined that there was no clear resolution in this letter and the permit is still pending"); Attach. J to Town's

Statement of Undisp. Facts, Commission letter to Applicant dated June 17, 2004 ("However, in order to receive approval on the permit, which will enable you to sell your land, we need you to resolve the issue of a fire hydrant on your property . . .. We realize that this has become a difficult and complex problem. In order to explore alternatives we suggest that a member or members of the planning commission, possibly accompanied by [the Fire Chief] . . ., visit you and the site in order to view the situation first hand").

This case affords another example of the clarity of hindsight: the language of Condition # 7 was undoubtedly well intentioned in its suggestion that the Applicant resolve the fire protection issue with the Fire Chief, but it does not contain a specific action to be taken to comply with the Commission's 2003 approval. Hindsight can never be called advice, because it is rarely offered when needed. Nonetheless, we note that the Town could have avoided this situation by ruling Appellant's application incomplete and requiring a resolution of the fire protection issue before rendering its decision on the application.

We hold that Appellant filed a timely appeal from the Commission's September 15, 2004, denial of his request to amend or eliminate Condition # 7. The merits of that request are the proper subject of an appeal to this Court.

The facts appear in dispute on the question of what steps are appropriate to address the fire protection issues relevant to Appellant's project. This Court will therefore decide, at the scheduled de novo merits hearing, whether Condition # 7 should be amended in light of the inability of the parties to come to a resolution regarding fire protection at the site of the proposed PRD. The parties should be prepared to present evidence concerning the need for fire protection in connection with the proposed PRD and surrounding neighborhood, the location of and payment for such fire protection, and the effect, if any, of Appellant's sale of the upper pond and surrounding land.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that both Appellant's and the Town's motions for summary judgment are DENIED. This matter will go forward as scheduled for a site visit and merits hearing, commencing at 9:00 AM on Thursday, December 1, 2005.

The Notice accompanying this Decision schedules a telephone conference for 10:00 AM Tuesday, November 29, 2005, to discuss final coordination for the site visit and trial.

Done at Berlin, Vermont, this 23rd day of November, 2005.

_____

Thomas S. Durkin, Environmental Judge