Environmental Court of Vermont
State of Vermont

```
==============================================================================
                    E N T R Y   R E G A R D I N G   M O T I O N
==============================================================================
```

In re Huntington Remodeling Application          Docket No. 210-10-07 Vtec

Project:     Huntington Remodeling Application-Newbury

Applicant:   George Huntington
             (Appeal from Planning Commission determination)

Title: Motion for Reconsideration, No. 4

Filed:        November 17, 2008

Filed By: Marc D. Nemeth, Attorney for Appellant George Huntington

Response filed on 12/02/08 by Appellee Town of Newbury


___ Granted            _X_ Denied              ___ Other


　　Granting a motion for reconsideration is "an extraordinary remedy that should be used sparingly." In re Bouldin Camp – Noble Road, No. 278-11-06 Vtec, slip op. at 1 (Vt. Envtl. Ct. Sept. 13, 2007) (Wright, J.); S. Vill. Cmtys., LLC, No. 74-4-05 Vtec, slip op. at 1 (Vt. Envtl. Ct. Sept. 14, 2006) (Durkin, J.). The decision to grant relief in such a motion is "committed to the [trial] court's sound discretion." Rubin v. Sterling Enters., 164 Vt. 582, 588 (1996).

　　Appellant seeks by his current motion to have the Court remove the "finding" from our November 5, 2008 Decision and Judgment Order ("Decision") that Appellant's failure to timely appeal a prior notice of violation ("NOV") "cannot now be challenged, either directly or indirectly, in any subsequent proceeding, including this one." Decision at 7 (citing City of S. Burlington v. Dep't of Corr., 171 Vt. 587, 588–89 (2000) (mem.)). We first note that Appellant's characterization of the cited provision as a "factual determination" is inaccurate; it is a legal conclusion based upon this Court's analysis of the very Planning Commission decision that Appellant appealed. The Court did not make a factual determination. Rather, the Court merely recited material facts that the parties represented as undisputed (namely, that Appellant (1) had been served with an NOV, referencing his re-establishment of a third apartment in his building without the needed site plan approval and (2) had failed to file an appeal of that NOV). The Court then recited the controlling legal standard and applied that standard to the parties' undisputed facts.

　　It would not have been proper for this Court to render factual findings within the context of assessing summary judgment motions. See Fritzeen v. Trudell Consulting Eng'rs, Inc., 170 Vt. 632, 633 (2000) (mem.). Our November 5, 2008 Decision contained no factual findings, but rather a section entitled "Factual Background" in which we recited the undisputed material facts, as represented by the parties. In any event, the provision about which Appellant now complains was contained in the "Discussion" section of our Decision and constituted a legal conclusion.

We next turn to addressing Appellant's request that this legal conclusion be removed from our prior Decision. As noted below, we conclude that it should not be removed.

Appellant argues that this Court exceeded its authority by making a statement that Appellant believes to be outside the scope of this appeal. In short, Appellant appears to claim that the statement in question is dicta, and Appellant is concerned that it will be used against him in future proceedings. If and when such future proceedings occur, Appellant is of course then free to argue that the statement in question is dicta and therefore not binding upon him (a question on which we express no opinion today).

Amending this Court's November 5, 2008 Decision to remove the complained-of statement would not change the outcome of our Decision and would serve no purpose, other than to remove this Court's reference to one of the foundations for its legal conclusions. When amending a judgment serves no useful purpose, the motion asking a trial court to do so should be denied. S. Vill. Cmtys., LLC, No. 74-4-05 Vtec, slip op. at 2 (citing 11 Wright, Miller, & Kane, Federal Practice and Procedure: Civil 2d § 2810.1). For all these reasons, we conclude that Appellant's motion for reconsideration and relief from judgment must be DENIED.

_____     __January 21, 2009____
      Thomas S. Durkin, Judge                      Date

=========================================================================

Date copies sent to:  _____          Clerk's Initials _____

Copies sent to:
    Marc D. Nemeth, Attorney for Appellant George Huntington
    Charles D. Hickey, Attorney for the Town of Newbury