VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org



Docket No. 21-ENV-00117

## Town of Brattleboro v Powers and Seeger

# ENTRY ORDER

Title: Motion to Consolidate or Coordinate Proceedings

Filer: Ronald A. Ferrara, Attorney for Respondents Gail Powers and James Seeger

Filed Date: Jan. 6, 2022

Memorandum in Opposition filed on Jan. 13, 2022, by Robert M. Fisher, Attorney for the Town of Brattleboro

This matter came before us as an enforcement action brought by the Town of Brattleboro against Gail Powers and James Seeger (together "Respondents"). Respondents are owners and residents at a property located at 10 Chase Street ("the Property") in the Town of Brattleboro ("the Town"). The Town's complaint alleges that Respondents constructed a carport and a kitchen addition to their residence sometime between 2016 and 2020 without a permit and on property that, by the Town's understanding, belongs to their neighbors. Presently before the Court is Respondents' motion to consolidate or coordinate this case with a case that Respondents filed in the Vermont Superior Court, Civil Division-Windham Unit, seeking to quiet title to the disputed piece of land. That case has been assigned docket No. 21-CV-03760.

## Legal Standard

Because the matters are in different divisions of the Superior Court, Respondents make this motion, as is proper, under both Vermont Rules of Environmental Court Proceedings, Rule 2(b), which governs coordination of proceedings strictly within the Environmental Division, and Vermont Rules of Civil Procedure Rule 16.1(b), which governs the designation of cases throughout the Superior Court as "complex actions," and thereby allows multiple related actions to be assigned to one judge. Under V.R.E.C.P. 2(b), we may coordinate proceedings "where the same violation or project involves multiple proceedings that have resulted or may result in separate hearings or appeals in the Environmental Court, or where different violations or projects involve significant common issues of law or fact." The V.R.E.C.P. rule envisions, however, that both cases are or will be before the Environmental Division, and we hold no original or appellate jurisdiction over actions to quiet title. Under V.R.C.P. 16.1(a), "[T]he Presiding Judge may, with the approval of the Administrative Judge, designate any action under these rules a complex action if the Presiding Judge finds:

(1) That the factual or legal issues are unusually complicated; or

(2) That there is an unusual multiplicity of parties; or

(3) That there is an unusual multiplicity of cross-claims, counterclaims, or third-party claims; or

(4) That the just and efficient administration of the action will be promoted by such designation for other reasons, which other reasons shall be set forth in the order designating the action a complex action."

Respondents chiefly cite to V.R.C.P. 16.1(a)(4) to support consolidation. For the reasons stated below, we do not believe the circumstances in these proceedings justify the requested consolidation.

## Discussion

We recite the following facts and procedural history purely for the purpose of deciding the present motion. The following are not specific factual findings with relevance outside of this decision. *See* Blake v. Nationwide Ins. Co., 2006 VT 48, ¶ 21, 180 Vt. 14 (citing Fritzeen v. Trudell Consulting Eng'rs, Inc., 170 Vt. 632, 633 (2000) (mem. op.)).

On June 14, 2016, Respondent Gail Powers submitted an application to the Town of Brattleboro Zoning Administrator ("Zoning Administrator") for a permit to construct a kitchen addition at the Property. The zoning administrator denied the application, by a letter dated June 16, 2016, and gave as the reason his understanding, based on a survey recorded in the Brattleboro land records, that "[t]he proposed addition would be located in part on a neighboring parcel," i.e. that owned by the Women's Community Center ("WCC"). The letter notified Respondent of her right to appeal, but no appeal was taken. Sometime in 2020, the Town became aware that Respondents had constructed the kitchen addition despite the permit denial, and had also added a carport. The Town's understanding was that the carport also was partly or wholly on property owned by the WCC.

From the Town's filings, it appears that the Zoning Administrator first sent a letter on December 24, 2020, warning Respondents that their construction of the kitchen addition and carport violated the Town of Brattleboro Zoning Bylaws ("Bylaws"), although that letter has not been filed with the Court. He then spoke with Respondents on January 14, 2021, before sending a second letter with the subject line "Re: Zoning Violation at 10 Chase Street" on March 12, 2021, which letter was accompanied by a ticket indicating that Respondents had been fined $100. Both the March 12 letter and zoning violation ticket made clear that Respondents' alleged violation was development without a permit. *See* Town's Mot. for Summ. J., Ex. 1; Town's Opp'n to Mot. to Coordinate, Ex. 3.[1] The March 12 Letter stated that the Zoning Administrator would "continue to issue tickets until the situation is resolved or the Town takes the matter to court."

No subsequent tickets have been presented to the Court; the next enforcement action of which we are aware is that the Zoning Administrator sent Respondents a letter on September 3, 2021, with the subject line "Re: Zoning violation 2020-v22, 10 Chase Street, Brattleboro, Tax Map Parcel #265243.000 - NOT CURED." That letter refers to the earlier enforcement actions and again referred to the violation as development without a permit and after a permit had been denied. That letter also informed Respondents that they had seven days to cure the violation before the Town would take the matter to court, and informed them of their right to appeal the determination to the Town of Brattleboro Development Review Board ("DRB"). Town's Opp'n, Ex. 4. This September 3, 2021,

---

[1] These exhibit numbers are as referred to in the Motion for Summary Judgment and Motion to Coordinate, respectively; the documents themselves are not labeled with exhibit numbers.

letter is therefore what our Court typically refers to as a Notice of Violation ("NOV"), as contemplated by 24 V.S.A. § 4451. Respondents did not appeal the NOV.

Respondents argue that because the case before our Court and the case before the Civil Division both involve the issue of the disputed boundary line between the Respondents and the WCC, the cases should be consolidated. They argue doing so would promote the efficient use of judicial resources and prevent the potential unfairness of what they term conflicting results in the two cases and therefore satisfies subsection 4 of V.R.C.P. 16.1(a). Essentially, they claim that success in the quiet title action would affect either the Town's entitlement to relief in this enforcement case or the remedies that our Court could justly order. Because we disagree with this assessment, we find that Respondents have not met their burden to justify consolidation under V.R.C.P. 16.1(a)(4).

Respondents' argument misstates the nature of the zoning violation alleged by the Town. Respondents' alleged violation is building the kitchen addition in direct contravention of a permit denial and constructing a carport without a permit. *See* Town's Mot. for Summ. J., Ex. 1 (March 12, 2021 letter); Town's Opp'n, Ex. 4 (September 3, 2021 NOV). While it is true that the reason the Zoning Administrator gave for denying Respondents' permit application was that the land on which they sought to build belonged at least in part to their neighbors, that is not the basis of the violation. It has not been disputed that the construction of the kitchen addition or carport constitute "land development" and that all land development requires a permit per the Bylaws. Indeed, the NOV was not appealed, making the determination final, even had it been in error. *See* City of S. Burlington v. Dep't of Corr., 171 Vt. 587, 589 (2000) (citing Levy v. Town of St. Albans, 152 Vt. 139, 143 (1989)). Respondents therefore cannot now contest the violation. Id.; *see* 24 V.S.A. § 4472.

The question of the property line is therefore doubly irrelevant to the Town's right to relief—both because the NOV was premised upon development without a permit, and because the NOV has become final. Respondents claim, however, that the boundary line dispute is relevant to whatever remedy the Court may order. One usual remedy for unpermitted construction is that the Court could order removal of the unpermitted structures. *Cf.* Fenwick v. City of Burlington, 167 Vt. 425, 435 (1997) ("If the zoning violation is substantial and involves conscious wrongdoing, the City is entitled to an injunction, including a mandatory injunction to remove an offending structure, as a matter of course."); *see also* In re Letourneau, 168 Vt. 539, 552 (1998) (upholding Environmental Court's order to remove a home addition built without a permit and in violation of the applicable setbacks). Respondents claim that if they prevail in their quiet title action, it would be inequitable to order them to remove the kitchen addition and carport, because upon proof of their title to the disputed land, they would be able to apply for a permit and variance for the structures as built.[2] They therefore seek to consolidate this case with the civil case or at least delay resolution of this case until after the civil case resolves.

Such concerns are far too speculative to prove that efficient administration of justice requires consolidation, as Respondents suggest. As already discussed, the Town's entitlement to relief in this case does not depend upon the outcome of the boundary dispute litigation. We further note the Town's position in opposition to the present motion that, even assuming Respondents are successful in their quiet title action, the DRB would not now issue a permit for the kitchen addition as built, given that it extends into the setback; and that no variance would be appropriate as appellants "created their own hardship" by constructing the addition. While the Town may not speak for the DRB, its position on the interpretation of its Bylaws is helpful guidance to the Court. Even without that

---

[2] The variance is allegedly necessary because, even by Respondents' understanding of the location of the boundary line, their kitchen addition lies within the required setback from it.

guidance, however, our position would be the same: an argument that depends on the discretionary decision of the DRB as to some as-of-yet hypothetical permit and variance applications is far too speculative to convince us that consolidation of these two cases is required. We may, of course, take Respondents' concerns into consideration when fashioning appropriate injunctive relief pursuant to 24 V.S.A. § 4452.

Lastly, we note that we have allowed Respondents to conduct discovery related to the Town's enforcement actions and notice thereof. Respondents will therefore be able to raise any affirmative defenses, as they have indicated they intend, including unclean hands or estoppel, regardless of whether this case is coordinated with their quiet title action.

In summation, even though the case before us and the case in the Civil Division relate to the same property, they present wholly distinct legal issues. In the Civil Division, the dispute is over a property boundary. Our case is a zoning enforcement matter where the infraction is building not only without a permit, but in contravention of a decision denying a permit. For this reason, we **DENY** the motion to consolidate or coordinate this case with case No. 21-CV-03760 in the Civil Division. We address Respondents' outstanding motion to delay ruling on the Town's motion for summary judgment in a separate entry order.

**SO ORDERED.**

Electronically signed on February 11, 2022, at Newfane, VT pursuant to V.R.E.F. 9(d).

_____
Thomas S. Durkin, Superior Judge
Environmental Division