VERMONT SUPERIOR COURT

Environmental Division

32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org

Docket No. 21-ENV-00045



| Town of Concord v Schwag |
| --- |

# ENTRY ORDER

Title: Motion for Judgment on the Pleadings

Filer: Daniel D. McCabe, attorney for Plaintiff, Town of Concord

Filed Date: October 25, 2021

No response filed

This is an enforcement action brought by the Town of Concord ("the Town") against Respondent Frederick Schwag for violation of the Town's zoning bylaws. Presently before the Court is the Town's motion for judgment on the pleadings under V.R.C.P. 12(c).

We recite the following undisputed facts gleaned from the pleadings purely for the purpose of deciding this motion. The following do not constitute factual findings with relevance outside of the context of this motion. *See* Fritzeen v. Trudell Consulting Eng'rs, Inc., 170 Vt. 632, 633 (2000) (mem.); *see also* Blake v. Nationwide Ins. Co., 2006 VT 48, ¶ 21, 180 Vt. 14.

On March 4, 2021, the Town of Concord Zoning Administrator sent copies of a notice of zoning violation ("NOV") by both certified mail and first-class mail to Frederick Schwag at 1393 Cold Hill Road in Lyndonville, VT. The NOV alleged that Mr. Schwag had not cleared the burnt-out remains of a trailer off property he owned in Concord within one year of the fire that destroyed said trailer, in violation of the Town of Concord Zoning Bylaws ("Bylaws"), section 312. Mr. Schwag did not appeal the NOV. The Town subsequently initiated this enforcement action before our Court, seeking an injunction ordering removal of the structure and monetary penalties under 24 V.S.A. §§ 4451–4452. The Town served the complaint in this matter by Sherriff's deputy to the same address to which the NOV was sent (Town Return of Service for Complaint, filed May 27, 2021).

Mr. Schwag sent a letter to the Town's attorney and, he claims, the county Superior Court[1], that was forwarded by the Town's attorney to this Court. By this letter, Mr. Schwag did not deny the allegations in the Town's complaint, but claimed that he had been unable to remedy the violation due to illness and financial issues and requested more time to come into compliance. Mr. Schwag also stated in his letter that he never received the NOV.

---

[1] It is unknown whether Mr. Schwag sent the letter to the Superior Court for Essex County, in which the subject property sits, or Caledonia County, in which Mr. Schwag resides, but it is immaterial for deciding on this motion, as we have accepted the letter as though it were sent to our Court.

The Town moved for default judgment and Mr. Schwag responded to our Court in a letter dated September 15, 2021, stating that he had made arrangements for a dumpster to be delivered to the property as soon as it was available. We chose to treat that letter as both an answer to the complaint and a response to the default judgment motion, and so denied the Town's motion. *See* Town of Concord v. Schwag, No. 21-ENV-00045 (Vt. Super. Ct. Envtl. Div. Sept. 15, 2021) (Durkin, J.). The Town subsequently filed the present motion, to which Mr. Schwag has not responded.

The Town argues that after the time period established by 24 V.S.A. § 4465 for appealing the notice of violation to the Town of Concord Zoning Board of Adjustment had passed, that NOV became a final judgment and cannot now be attacked directly or indirectly through this proceeding. It therefore requests that we enter judgment in its favor and schedule a hearing to determine what penalty is due.[2] Mr. Schwag requests that he be allowed to clean up the property and thereby avoid judgment. We also consider Mr. Schwag's contention in his first forwarded letter that he did not receive the notice of violation in time to appeal it.

It is settled law that an appeal is the exclusive remedy available to parties who wish to contest the act or decision of a municipal officer or body. 24 V.S.A. § 4472(d). A failure to appeal municipal decisions, including notices of violation, binds all parties, and this Court, to the determinations reached therein. Id.; In re Ashline, 2003 VT 30, ¶ 8, 175 Vt. 203 (citing City of S. Burlington v. Dep't of Corr., 171 Vt. 587, 588-89 (2000)). Once a municipal decision is final and binding, parties cannot later challenge, "either directly or indirectly," the contents of the decision. 24 V.S.A. § 4472(d). This is the case even where the municipal decision may be ultra vires or in error. In re Feeley Constr. Permits, Nos. 4-1-10 Vtec, 5-1-10 Vtec, slip op. at 14 (Vt. Envtl. Ct. Jan. 3, 2011) (Wright, J.) (citing City of S. Burlington., 171 Vt. 587, 588-89 (2000); Levy v. Town of St. Albans, 152 Vt. 139, 142 (1989)).

However, even after an NOV has become final, a respondent may still raise a lack of adequate notice of the alleged violation as a statutory or constitutional defense to a subsequent enforcement action. Town of S. Hero v. AIR Development, LLC, No. 17-2-20 Vtec slip op. at 6 (Vt. Super. Ct. Envtl. Div. Dec. 31, 2020) (Durkin, J.) (citing Town of Hinesburg v. Dunkling, 167 Vt. 514, 521–24 (1998)). We must therefore determine whether the Town followed the proper notice procedures in this case. The statute at issue, 24 V.S.A. § 4451, requires that the notice of violation be delivered by certified mail. We have previously considered mailing a notice of violation to the last known address for the person to whom that notice is directed to be the "proper procedure," and to constitute actual notice. City of South Burlington, v. Robar, No. 252-11-05 Vtec, 2006 WL 4519314 (Vt. Envtl. Ct. Aug. 3, 2006).

Mr. Schwag has not successfully made out a defense of lack of proper notice. Mr. Schwag does not dispute that the address to which the Town sent the NOV was his correct mailing address. He simply points to the three unsuccessful attempts to have the certified mail copy of the letter delivered to that address as evidence of his lack of awareness of the NOV. He avers that he was not staying at that address at the time and was not current with his mail. (Respondent's Letter to the Court, filed by the Town's attorney, Jul. 16, 2021). However, the complaint in this action was served by hand to Mr. Schwag at the same address in May, and notices of hearings in this matter subsequently reached him at the same address. Moreover, the copy of the NOV that the town sent by first-class mail was never returned to sender as undeliverable, per the Town's attorney. Finally, at a status conference on Oct. 18, 2021, Mr. Schwag confirmed 1393 Cold Hill Road as his mailing address. Mr.

---

[2] We understand the Town to maintain its request for injunctive relief as well, in the event that Mr. Schwag has not completed removal of the ruined trailer by the time of a hearing.

Schwag's failure to stay current with mail at a correct mailing address does not defeat the sufficiency of the Town's notice to him.

Because the NOV was properly served upon Respondent and not timely appealed by him, it cannot now be collaterally attacked, and the Town is now entitled to judgment in this enforcement action. We therefore find that Mr. Schwag did violate Bylaws § 312 by failing to either remove the remains of a structure destroyed by fire or repair and rebuild that structure within one year of the fire.

We direct that by next **Thursday, March 31, 2022**, the parties advise us of the dates that they would not be available for an evidentiary hearing during the month of April 2022 on the Town's request for monetary penalties and injunctive relief. The Court anticipates that such a hearing would take no more than six hours of trial time.

The Court encourages the parties to continue their private negotiations, in the hope that, through compromise, the parties may agree upon a recommendation to the Court of what injunctive and monetary relief should be awarded to the Town. Failing that, the Court will render a determination on the Town's claims after the close of the evidentiary hearing.

We are encouraged by the significant steps towards compliance that Mr. Schwag has taken. Such steps could well be a basis for lowering fines that shall be paid under 24 V.S.A. § 4451 and our caselaw. However, even completely bringing a property into compliance, if done outside of the seven days afforded by statute, does not cause an NOV to disappear or immunize a landowner from fines. The Court still may order the landowner to pay the Town reasonable damages for the period of time in which the property was out of compliance, in addition to any reimbursement of the Town's costs in this action, including reasonable attorneys' fees. *See* Town of Brattleboro v. Lawrence, No. 68-6-15 Vtec, slip op. at 3 (Vt. Super. Ct. Envtl. Div. Oct. 19, 2015) (Walsh, J.) (noting that "fines authorized by 24 V.S.A § 4451(a) are civil in nature; they must not be punitive and they must be "rationally related to the damages suffered from landowner's violation of [the] Town's bylaw" and imposing fines against a property then in compliance for the period of time in which it was out of compliance).

The Court has discretion to impose up to a maximum fine of $200 per day that the violation continues. V.S.A. § 4451(a), (a)(3). We ask that the parties come to the hearing prepared to discuss the criteria contained in the Vermont Uniform Environmental Law Enforcement Act, codified at 10 V.S.A. 8010(b), which, though not directly applicable to municipal enforcement actions, are used by this Court as guidance in determining what penalties to impose at or below that maximum. *See* Town of Pawlet v. Banyai, 2022 VT 4, ¶ 30.

**SO ORDERED.**

Electronically signed on March 25, 2022, at Newfane, Vermont, pursuant to V.R.E.F. 9(d).

Thomas S. Durkin, Superior Judge
Environmental Division