VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org



Docket No. 23-ENV-00072

| Vincent Permit 23-071 |
| --- |

## ENTRY REGARDING MOTION

Title:        Motion to Dismiss (Motion: 3)
Filer:        Kevin L. Kite, Esq.
Filed Date:   October 3, 2023

No response filed.

**The motion is GRANTED.**

This is an appeal by Christopher Thompson of a Town of Ferrisburgh (Town) zoning permit issued by the Town Zoning Administrator on June 12, 2023 to Mr. Thompson's neighbor, Jon-Taylor Vincent, allowing Mr. Vincent to add fill to his property (the Permit). Mr. Thompson did not appeal the Permit to the Town of Ferrisburgh Zoning Board of Adjustment (ZBA) within 15 days of the date of issuance, as required by the Town of Ferrisburgh Zoning Regulations (Regulations) and 24 V.S.A. § 4465(a). Instead, on July 10, 2023, Mr. Thompson filed his appeal of the Permit in this Court. Presently before the Court is the Town's V.R.C.P. 12(b)(1) motion to dismiss this appeal for lack of jurisdiction.

When reviewing a motion to dismiss for lack of subject matter jurisdiction, this Court follows the standards established in V.R.C.P. 12(b)(1), because the Vermont Rules of Civil Procedure govern proceedings in this Division. See V.R.E.C.P. 5(a)(2). When considering V.R.C.P. 12(b)(1) motions to dismiss, this Court accepts all controverted factual allegations as true and construes them in the light most favorable to the nonmoving party, here Mr. Thompson. Rheaume v. Pallito, 2011 VT 72, ¶ 2, 190 Vt. 245.

The exclusive remedy of an interested person seeking to appeal a decision of a town's administrative officer, here the Zoning Administrator, is to file a notice of appeal with the

secretary of the appropriate municipal panel, or the clerk of the municipality, within 15 days of the date of the administrative officer's decision or act.  24 V.S.A. §4465(a); see also Regulations § 11.5 (setting for the Town's process for filing such appeals, which mirrors § 4465(a)). "Failure to appeal the [administrative officer's] decision or act renders it final and precludes all interested persons from 'contest[ing], either directly or indirectly, the decision or act.'"  Town of Pawlet v. Banyai, 2022 VT 4, ¶ 14, 216 Vt. 189 (quoting 24 V.S.A. § 4472(b)).

Mr. Thompson failed to file a timely appeal of the Permit with the Town Clerk as required by 24 V.S.A. § 4465(a) and the Regulations.[1]  The Permit has therefore become final and binding on all parties, including this Court.  See 24 V.S.A. § 4472(d) ("Upon the failure of any interested person to appeal to an appropriate municipal panel under section 4465 . . .  all interested persons affected shall be bound by that decision or act of that officer . . .  and shall not thereafter contest, either directly or indirectly, the decision or act . . . in any proceeding, including any proceeding brought to enforce [Chapter 117].")  Thus, we are without jurisdiction to hear pending appeal as to do so would be to entertain a "collateral attack on a zoning decision that has not been properly appealed through the mechanisms provided by the municipal planning and development statutes."  City of S. Burlington v. Dep't of Corr., 171 Vt. 587, 588—89 (2000) (interpreting 24 V.S.A. § 4472(d)).

For these reasons, the Town's motion to dismiss is **GRANTED** and this appeal is **DIMISSED**. This concludes the matter before the Court.  A Judgment Order accompanies this Entry Order.

Electronically signed this 16th day of November 2023 in Burlington, Vermont pursuant to V.R.E.F. 9(d).

Thomas G. Walsh, Judge
Superior Court, Environmental Division

---

[1] While Mr. Thompson has failed to reply to the pending motion, at this Court's September 25, 2023 status conference in this matter at which the parties discussed this issue, Mr. Thompson generally expressed his argument that he had filed within 30 days of the date of decision, presumably arguing that his appeal complied with 24 V.S.A. § 4471, setting for the applicable time to appeal a decision of an appropriate municipal panel, such as the ZBA, to this Court.  Because this is an appeal of a decision of an administrative officer, the Zoning Administrator, not the ZBA, the 30-day appeal period to appeal to this Court set forth in § 4471 is inapplicable and the 15-day appeal period to appeal to the Permit to the appropriate municipal panel controls.