## Phillips Construction Services, Inc. v. Town of Ferrisburg

[580 A.2d 50]

No. 89-098

Present: Allen, C.J., Peck, Gibson, Dooley and Morse, JJ.

Opinion Filed June 29, 1990

*Peter Sidel* and *Diana Pikulski* of *Sidel & Associates*, Waitsfield, for Plaintiff-Appellant.

*Geoffrey Commons* of *Kelley, Meub, Powers & English, Ltd.*, Middlebury, for Defendant-Appellee.

**Peck, J.** Plaintiff Phillips Construction Services, Inc. appeals from the superior court's order granting defendant Town of Ferrisburg's motion to dismiss. We affirm.

On March 2, 1987, William Kennerson applied to the zoning administrator of the Town of Ferrisburg for a zoning permit allowing him to rebuild a garage and make improvements to his home. According to the application, the height of the proposed structure was twenty-one and one-half feet; local zoning regulations restrict building height to twenty feet in the district in question. The applicant also indicated compliance with setback requirements in the plans submitted, but when the garage was ultimately built, plaintiff, an adjoining landowner, maintains that it did not conform to those requirements. This latter claim is still disputed by the parties, since it is based on the existence of an alleged right-of-way which is the subject of a separate action in superior court.

The application was approved on March 9, and the permit noted that pursuant to 24 V.S.A. § 4464(a), interested persons had fifteen days to appeal the administrator's decision. The trial court found that notice of the decision was duly posted in accordance with the statute, 24 V.S.A. § 4443(b)(2). Plaintiff appealed the decision to the Zoning Board of Adjustment (ZBA) on July 1, 1987. On July 7, plaintiff also appealed to the ZBA the decision of December 3, 1986, permitting a subdivision of the land where Kennerson's home and garage are located.

In both appeals, plaintiff claimed that Kennerson had been allowed an extension of a nonconforming use without a proper variance under the Town's zoning bylaws, and that the Town's actions violated the bylaws and various provisions of Title 24, chapter 117. The ZBA dismissed both appeals as untimely, and plaintiff filed suit in superior court, seeking relief in the nature of a writ of mandamus to compel the Town to perform its ministerial duties. The court determined that it had no authority to order the requested relief, and granted defendant's motion to dismiss. This appeal followed.

The trial court determined that the exclusive remedy available to plaintiff was a timely appeal to the zoning board under

chapter 117, 24 V.S.A.* We agree. This Court has previously noted a clear "legislative policy to deny extraordinary relief, and other collateral remedies" to plaintiffs who had not availed themselves of the relief provided by statute. *Fisher v. Town of Marlboro*, 132 Vt. 533, 534–35, 323 A.2d 577, 578 (1974). The trial court was correct in deciding that it had no authority to issue a writ of mandamus. Because plaintiff did not challenge the zoning board's actions by timely appeal under the statute, it was bound by those proceedings. *McGlynn v. Town of Woodbury*, 148 Vt. 340, 343, 533 A.2d 1187, 1190 (1987).

Plaintiff claims that because the Board acted outside the scope of its authority, mandamus is the appropriate relief, particularly since plaintiff alleges lack of notice of the Board's determinations. We have recently held, however, that "even where the board's ruling is ultra vires," 24 V.S.A. § 4472(d) "unequivocally forecloses" a challenge to that ruling, absent a timely, direct appeal. *Levy v. Town of St. Albans Zoning Bd. of Adjustment*, 152 Vt. 139, 143, 564 A.2d 1361, 1363–64 (1989). Furthermore, the trial court's opinion and order notes that after examining the permit in relation to the zoning bylaws, the court was "satisfied that the permit [was] in conformity therewith."

The Town urges that sanctions be imposed in this case, characterizing plaintiff's contentions as frivolous and unfounded in law. A similar motion was denied in the trial court, and we decline to reconsider it here.

*Affirmed.*

---

* 24 V.S.A. § 4472(a) provides that

the exclusive remedy of an interested person with respect to any decision or act taken, or any failure to act, under this chapter or with respect to any one or more of the provisions of any plan or bylaw shall be the appeal to the board of adjustment under section 4464 of this title, and the appeal to a superior court from an adverse decision upon such appeal under section 4471 of this title.