STATE OF VERMONT

SUPERIOR COURT

ENVIRONMENTAL DIVISION
Docket No. 38-3-19 Vtec

| City of St. Albans v Ross Arsenault |
|---|

## ENTRY REGARDING MOTION

Count 1, Municipal Enforcement (38-3-19 Vtec)

Title:          Motion to Dismiss (Motion 3)

Filer:          Ross Arsenault

Attorney:    Timothy G. Hurlbut

Filed Date:  August 7, 2019

Response in Opposition filed on 08/30/2019 by Atty. Colin K. McNeil for the City of St. Albans.

**The motion is DENIED.**

Before the court is a motion filed by Ross Arsenault ("Defendant") to dismiss a July 25, 2019 zoning enforcement complaint by the City of St. Albans ("City") that alleges Defendant violated certain conditions of his amended site plan approval. Defendant argues that the alleged violations occurred upon an adjacent property that is owned by another entity. While we attempt below to summarize the relevant alleged facts concerning the asserted violation, we conclude that the principal issue before the court is whether 24 V.S.A. § 4472 (concerning the exclusivity of remedy and finality rules) estop Defendant from contesting the violations notice.

The court recounts the following facts and procedural history for the purpose of providing context for the pending motion.[1]

This case concerns violations of a conditional minor site plan amendment for the property owned by the Defendant at 211 Lake Street, St. Albans, Vermont. This parcel is directly adjacent to 195 Lake Street, which Defendant argues is the location of the conditioned violations. While the record remains unclear as to the precise nature of the relationship between the two properties,[2] Defendant is the property owner of the relevant property, 211 Lake Street. From

---

[1] In discerning the relevant alleged facts, we have reviewed the various affidavits and exhibits attached to both parties' filings.

[2] It appears that Defendant, or entities that he may or may not own, control adjoining properties upon which several buildings are located and in which several commercial businesses are operated. On the property located at 211 Lake Street there is a business known as the Beverage Mart. The record currently before us does not

the decisions presented to us of the City of St. Albans Development Review Board ("DRB"), it appears that a tributary to Lake Champlain, known as Stevens Brook, is adjacent to both properties.

While not specifically determinative to the ultimate issue addressed here, this Court also recognizes that Defendant has exercised control in his personal capacity over the 211 Lake Street property by applying for permits and engaging in snow removal activities in accordance with permit conditions.[3] This is demonstrated through the actions taken by Defendant detailed below.

On October 13, 2016, Defendant personally applied and paid application fees for a minor site plan amendment concerning development of the 211 Lake Street property. On November 22, 2016, the DRB approved the amendment application, with stipulated conditions, authorizing Defendant to construct a porch roof.[4] One of the approval conditions prohibits snow storage on the site. Defendant obtained and signed the DRB decision and chose not to appeal it.

On January 10, 2017, Defendant again personally applied for and paid application fees seeking further amendments to the conditions in the site plan approval for 211 Lake Street. The DRB approved changes that allowed limited snow storage on the site.[5] The DRB decision indicates Defendant had previously employed intermittent snow removal at the relevant site with consistent enforcement concerns.[6] Once again, Defendant obtained, signed, and did not timely appeal the DRB decision.

The City determined that Defendant was not in compliance with the amended permit conditions, specifically Amended Condition 5 concerning snow storage and removal, and notified Defendant of his nonconformance in its letter of inquiry on April 3, 2018 and letter offering to address compliance on June 11, 2018. While Defendant removed snow from the property in compliance with the conditions in December of 2018, he failed to bring the site into conformance during City site inspections on January 18 and 25, February 4, and 19, 2019. On November 26, 2018 the Zoning Administrator sent Defendant a Notice of Violation ("NOV") pursuant to 24

---

reveal the type of building or business that may be located on the 195 Lake Street property or the means of access between the two properties.

[3] The record indicates that 195 Lake Street is owned by REA Inc., but is ambiguous as to the relationship between Defendant, that property, and its fee title holder. The record indicates that Defendant managed and employed intermittent snow removal services on the property prior to the permit application and while the permit was in effect in December 2018.

[4] The DRB decision reveals that Defendant constructed the roof without first receiving zoning approval. The decision further reveals that he then filed his application for a minor site plan amendment when directed to do so by the City Zoning Administrator.

[5] In its February 23, 2017 decision approving Defendant's application to further revise certain conditions of his site plan approval, the DRB Chair notes that their concerns about snow storage on the properties was because snow melt was running into Stevens Brook, which is a tributary of Lake Champlain and both the brook and the Lake are impaired waterways. In re 211 Lake St. Minor Site Plan Amend, Case #2017-002, at 2 (City of St. Albans DRB Dec., Feb. 23, 2017). A copy of this decision was attached as Exhibit 3 to the City's Opposition Memorandum.

[6] The February 23, 2017, DRB decision amending Condition 5 includes a discussion indicating Defendant employed inconsistent snow removal services, and DRB members expressing adamant concerns regarding runoff into Stevens Brook, which is already an impaired waterway, and two years of enforcement issues regarding a lack of prompt snow removal by Defendant.

V.S.A. § 4451 and notified Defendant of his right to appeal within 7 days.  Defendant chose not to file a timely appeal from the NOV served upon him.

We begin our analysis by noting that the Environmental Division of the Superior Court has exclusive jurisdiction over appeals from municipal panel decisions under 24 V.S.A. §§ 4471 and 4472(a).  However, if the interested party does not file a timely appeal with this Court, the decision of the municipal panel is final and incontestable. 24 V.S.A. § 4472(d).  Under this rule, an interested party that fails to appeal an appropriate municipal panel decision is "bound by that decision or act . . . and shall not thereafter contest, either directly or indirectly, the decision or act . . . in any proceeding, including any proceeding brought to enforce this chapter." Id.

The Supreme Court has consistently held that an interested party may not collaterally attack an unappealed permit received from an appropriate municipal panel to avoid an enforcement action for violation of the terms of that permit.  In re Jackson, 2003 VT 45, ¶ 29, 175 Vt. 304 (2003) (stating that an approved description of a project in an unappealed permit is "necessarily one such unchangeable permit condition"); Town of Sandgate v. Colehamer, 156 Vt. 77, 85 (1991) (holding that "§ 4472(d) clearly applies to defenses raised in enforcement proceedings and clearly applies to attacks on the validity of zoning provisions unless they raise constitutional issues."); City of S. Burlington v. Dep't of Corr., 171 Vt. 587, 589 (2000) (mem.) (holding that § 4472 is "designed to prevent any kind of collateral attack on a zoning decision that has not been properly appealed through the mechanisms provided by the municipal planning and development statutes").  Indeed, the Court has held permits that are otherwise void as ultra vires or ab initio are subject to the exclusivity of remedy provision.  Phillips Constr. Servs., Inc. v. Town of Ferrisburg, 154 Vt. 483, 485 (1990) (holding that § 4472 applies to ultra vires zoning board permit decisions); Levy v. Town of St. Albans Zoning Bd. of Adjustment, 152 Vt. 139, 142 (1989) (holding that § 4472 applies to ab initio zoning board permit decisions).

Our procedural rules provide that "[f]ailure of an appellant to take any step *other than* the timely filing of the notice of appeal does not affect the validity of the appeal." V.R.E.C.P. 5(b)(1)(emphasis added).  The policy underlying exclusivity of remedy and finality enables "a time when the decisions of an administrative officer become final so that a person may proceed with assurance instead of peril."  Graves v. Town of Waitsfield, 130 Vt. 292, 295 (1972).

Defendant seeks to collaterally attack the validity of the NOV and the prior DRB decisions by asserting that the NOV references activities on an adjacent site (195 Lake Street), and that the adjacent site was not owned by Defendant.  His assertions do not dispute that the snow stored on the 195 Lake Street property was governed by the amended site plan approval issued for the 211 Lake Street property.

Within the DRB's November 22, 2016 minor site plan amendment approval and the DRB's February 23, 2017 further amendment approval, the property subject to the DRB decision was identified as 211 Lake Street.  Neither approval lists the 195 Lake Street site as the property subject to permit conditions.  In addition, both amendment applications referred to Defendant in his personal capacity as the apparent owner.  However, as these issues constitute collateral attacks upon the factual basis of the NOV, they are time barred by the exclusivity provisions of 24 V.S.A. § 4472.

Defendant did not timely appeal the 2016 or 2017 DRB decisions within the respective 30-day statutory limits in accordance with 24 V.S.A. § 4471. Thus, any collateral attack, such as unspecified site location cited within the permits, is "unequivocally foreclosed" by the statute. Levy, 152 Vt. at 142. In a similar vein, Defendant had a further opportunity to timely appeal the November 26, 2018 NOV to the DRB within 7 days. Since Defendant failed to appeal by December 3, 2018, the NOV became final, pursuant to 24 V.S.A. § 4472.

Defendant had opportunities to appeal and failed to exercise his right to appeal the two site plan amendments and 2018 Notice of Violation. As there was no timely and appropriately filed appeal, Defendant's challenges in this enforcement proceeding to the factual basis of the NOV are therefore foreclosed and his motion to dismiss this enforcement action must be **DENIED**.

**So Ordered.**

Electronically signed on September 18, 2019 at Newfane, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Superior Judge
Environmental Division

Notifications:

Colin K. McNeil (ERN 5202), Attorney for Plaintiff City of St. Albans
Timothy G. Hurlbut (ERN 5109), Attorney for Defendant Ross Arsenault