VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT  05401
802-951-1740
www.vermontjudiciary.org

ENVIRONMENTAL DIVISION
Docket No. 45-5-20 Vtec



| | |
|---|---|
| In Re Lonie Parker d/b/a/ Porky's Backyard Barbecue, Certificate of Occupancy | DECISION ON MOTION |

Rita Booksa (Neighbor) appeals the May 21, 2020 decision of the Town of New Haven Development Review Board (DRB) to affirm the issuance of a Certificate of Occupancy (CO) to Lonie Parker d/b/a Porky's Backyard BBQ (Applicant).  The CO authorizes Applicant's use of an outdoor pavilion associated with the restaurant Applicant runs on property located across U.S. Route 7 from Neighbor's property.  The matter is before the Court on Applicant's request for dismissal or, in the alternative, summary judgment on all of the questions in Neighbor's Statement of Questions.  Applicant additionally requests an award of reasonable costs and attorney's fees on the instant appeal.

The Court previously addressed Neighbor's appeals from two other DRB decisions related to the same outdoor pavilion but has not yet considered the issuance of the CO.  See In re Lonie Parker DBA Porky's Backyard BBQ SP & NOV, No. 6-1-20 Vtec, (Vt. Super. Ct. Envtl. Div. Nov. 17, 2020) (Walsh, J.); In re Lonie Parker DBA Porky's Backyard BBQ SP & NOV, No. 6-1-20 Vtec, (Vt. Super. Ct. Envtl. Div. Feb. 11, 2021) (Walsh, J.).

Neighbor is represented by Attorney Keven E. Brown.  Applicant is represented by Attorney Jeremiah Ouimette.  The Town of New Haven is an interested party represented by Attorney Cindy E. Hill.

**Legal Standard**

Applicant moves for dismissal or summary judgment in the alternative. Neighbor treats the motion as one for summary judgment, and the Court does as well, finding it necessary to consider materials outside of the pleadings. See Reporter's Notes to V.R.C.P. 56 (explaining that a motion to dismiss under 12(b)(6), "if accompanied by matter outside the pleadings, may be treated as a motion under Rule 56"); V.R.C.P. 12(b)(6). See also In re Bibby 5-Lot Final Plat Subdivision & Waiver Application, No. 189-11-10 Vtec, slip op. at 2—3 (Vt. Super. Ct. Env. Div. Mar. 2, 2012) (Durkin, J.).

To prevail on a motion for summary judgment, the moving party must demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a), applicable here through V.R.E.C.P. 5. The nonmoving party "receives the benefit of all reasonable doubts and inferences," but must respond with more than unsupported allegations in order to show that material facts are in dispute. Robertson v. Mylan Labs., Inc., 2004 VT 15, ¶ 15, 176 Vt. 356. For the purposes of the motion, the Court "will accept as true the allegations made in opposition to . . . summary judgment, so long as they are supported by affidavits or other evidentiary material." Id.; Pettersen v. Monahan Safar Ducham, PLLC, 2021 VT 16, ¶ 9.

**Factual Background**

The Court finds the following facts to be undisputed. The facts set out below do not constitute factual findings with relevance outside of this summary judgment decision. See Blake v. Nationwide Ins. Co., 2006 VT 48, ¶ 21, 180 Vt. 14 (citing Fritzeen v. Trudell Consulting Eng'rs, Inc., 170 Vt. 632, 633 (2000) (mem.)). The Court relies on these facts for the sole purpose of deciding on the request for summary judgment.

Applicant's business is located at 7404 U.S. Route 7 (Ethan Allen Highway) in the Town of New Haven, in the Highway Commercial zoning district. Neighbor's property is located across Route 7 from Applicant's business.

The DRB approved Applicant's amended site plan application to construct a 40' x 60' outdoor pavilion among other improvements on April 15, 2019 (2019 Site Plan Approval) with conditions specifying the appropriate construction of the pavilion, that no liquor shall be served outdoors, and limiting the number of outdoor events to eight per month from May through October. The 2019 Site Plan Approval, DRB decision No. 2019-DRB-02-SP, was not appealed. Applicant began to use the pavilion in July 2019 and subsequently received notice from the New Haven Zoning Administrator (ZA) on July 23, 2019 of the need to obtain a Certificate of Occupancy (CO), and the need to comply with the conditions of approval in order to receive one. Applicant filed a request with the DRB to amend or clarify the 2019 Site Plan Approval, seeking permission to serve alcohol in the outdoor pavilion and to leave a portable toilet on site for the event season (May through October).

The ZA issued a Notice of Violation (NOV) to Applicant on August 23, 2019 while Applicant's request was pending, alleging violations for operating the pavilion without a CO, serving liquor in the pavilion, and holding more than eight events per month. Applicant appealed the NOV to the DRB and the DRB issued a decision in response to the NOV appeal as well a decision in response to Applicant's request to amend/clarify the 2019 Site Plan Approval on December 16, 2019. Regarding the site plan, the DRB issued an Amended Site Plan Approval, No. 2019-DRB-07-SP, which granted Applicant's requests, including those for outdoor alcohol service and to leave a portable toilet on-site from May through October. The Amended Site Plan Approval also contained conditions requiring Applicant to obtain a CO prior to reopening the pavilion and to obtain certain approvals and state and federal permits. The DRB's December 16, 2019 decision on the NOV appeal, No. 2019-DRB-09-AP, directed Applicant to obtain a CO prior to any future use of the pavilion, allowed Applicants to serve liquor in the pavilion, and defined the term "event" as any activity extending beyond the regular closing time of 9:00pm. The decision on the NOV appeal conditioned the issuance of a CO on Applicant's compliance with the 2019 Site Plan Approval (incorporating conditions of the original 2018 Site Plan Approval), as conditioned by the Amended Site Plan Approval.

On February 14, 2020, the ZA issued a CO to Applicant for the outdoor pavilion, approving the development as compliant with conditions of site plan approval. The CO allowed use of the

3

pavilion after May 1, 2020.  Neighbor appealed the CO to the DRB, and the DRB affirmed its issuance on May 21, 2020.

Neighbor appealed both of the DRB's December 16, 2019 decisions to the Court on January 31, 2020.  The Court addressed the appeals in a decision on November 17, 2020, a decision and judgment order on February 11, 2021, and a corrected judgement order on February 17, 2021 (issued only to correct docket number, no substantive changes to the order issued Feb 11, 2021) in Docket No. 6-1-20 Vtec.  On November 17, 2020, the Court resolved the site plan appeal by granting summary judgment in favor of the Applicant, finding that Applicant's requests for amendments did not implicate permit finality concerns.  In re Lonie Parker DBA Porky's Backyard BBQ SP & NOV, No. 6-1-20 Vtec, slip op. at 28 – 32 (Vt. Super. Ct. Envtl. Div. Nov. 17, 2020) (Walsh, J.).  The Court also granted partial summary judgment in favor of the Applicant on the NOV appeal in that decision, dismissing several of Neighbor's questions for lack of subject matter jurisdiction and holding that uses of the pavilion that continue past 9:00pm constitute "events" and that Applicant has not exceeded eight "events" per month.  Id. at 31.  On February 11, 2021, the Court granted summary judgment to Neighbor on the remaining questions related to the NOV appeal, finding that Applicant violated New Haven zoning regulations by operating the pavilion without a CO and that Applicant violated the terms of the 2019 Site Plan Approval by serving liquor at the pavilion.  In re Lonie Parker DBA Porky's Backyard BBQ SP & NOV, No. 6-1-20 Vtec, slip op. at 8 (Vt. Super. Ct. Envtl. Div. Feb. 11, 2021) (Walsh, J.).

In the instant matter, Neighbor appeals the DRB's decision affirming the issuance of the CO.  This specific appeal, filed May 27, 2020, was not addressed in the earlier decisions and is the subject of the instant motion for dismissal or summary judgment.

**Analysis**

Neighbor focuses her argument against the issuance of the CO, and the DRB's decision to affirm it, on the conditions the DRB imposed in its December 16, 2019 decisions.  She asserts that Applicant did not comply with the conditions in those decisions and should consequently have not received a CO.  Neighbor advances nine questions in her Statement of Questions (SOQ) for

this appeal but agrees to withdraw two of them, Questions 6 and 7, in response to Applicant's motion for summary judgment. Questions 6 and 7 are consequently **DISMISSED**.

Neighbor's remaining Questions concern Applicant's compliance with conditions of approval that require Applicant to obtain various state approvals and state and federal permits, particularly those related to wastewater. Applicant seeks summary judgment on these Questions on the basis that wastewater regulation falls outside the subject matter jurisdiction of the DRB, and consequently this Court on appeal. Applicant is correct that this Court is one of limited jurisdiction and that the scope of its review in a zoning appeal "is defined by the powers of the municipal panel below." Couture Subdivision Permit, No. 53-4-14 Vtec, slip op. at 3 (Vt. Super. Ct. Envtl. Div. Feb. 23, 2015) (Durkin, J.), citing V.R.E.C.P. 5(g) and In re Torres, 154 Vt. 233, 235 (1990) ("The reach of the superior court in zoning appeals is as broad as the powers of a zoning board . . . but it is not broader"). The Agency of Natural Resources (ANR) has exclusive jurisdiction to regulate wastewater under 10 V.S.A. § 1976(b), and there is no suggestion here that ANR has delegated any such authority to the Town of New Haven as possible under § 1976(a). For these reasons, the Court found that it did not have authority to answer Neighbor's questions related to wastewater compliance in its review of the DRB's decision on the NOV appeal. See In re Lonie Parker SP & NOV, No. 6-1-20 Vtec at 12 – 13 (Nov. 17, 2020). In that case, however, the NOV at issue did not allege a violation of a condition of approval that concerned wastewater permitting. Id. at 13, n. 9, 11.

Here, the DRB tied the issuance of the CO to compliance with the conditions in the 2019 Site Plan Approval and the Amended Site Plan Approval in its December 16, 2019 decision upholding the NOV in response to Applicant's appeal. Exhibit J (DRB decision on NOV appeal). Affirming that Applicant violated New Haven zoning regulations by holding events at the pavilion without a CO, the DRB specified in Condition 1 of the NOV appeal that Applicant must obtain a CO before resuming use of the pavilion and must comply with conditions that include the procurement of required state permits before one can be issued. Exhibit J. Condition 5 of the Amended Site Plan Approval, like Condition 6 of the 2019 Site Plan Approval, requires Applicant to obtain any state or federal permits that may be required for the proposed use. Exhibit I (Amended Site Plan Approval). See also, Exhibit C (2019 Site Plan Approval). Condition 3 of the

5

Amended Site Plan Approval requires Applicant to demonstrate that the Department of Environmental Conservation (DEC) has approved the proposed use of a portable toilet. Exhibit I.

The question of whether Applicant complied with State wastewater regulations is not the same as whether Applicant complied with the DRB's conditions of approval in this case, so the Court will review Neighbor's SOQ to the extent that they concern the latter. The 2019 Site Plan Approval was not appealed, and the Court did not overturn or remand either of the DRB's December 16, 2019 decisions (nor did Applicant challenge the conditions in either the NOV appeal or the Amended Site Plan Approval). Direct appeal is the "exclusive remedy" for contesting such DRB actions, so all three decisions, and consequently the conditions imposed within, are final and incontestable. 24 V.S.A. § 4472(a), (d). As the Court explained in its November 17, 2020 decision on the NOV appeal, the Vermont Supreme Court has bound interested parties to the exclusive remedy provision even where a permit might be otherwise void. See e.g., Phillips Const. Servs., Inc. v. Town of Ferrisburg, 154 Vt. 483, 485 (1990) ("even where the board's ruling is ultra vires, 24 V.S.A. § 4472(d) unequivocally forecloses a challenge to that ruling, absent a timely, direct appeal") (internal quotations removed). Regardless of whether the DRB had the authority to impose these conditions, Applicant must now comply with them and the Court can review the issuance of the CO for that compliance.

*a. Question 2*

Applicant has made one portable toilet available on-site for use by patrons of the pavilion from May through October as allowed by the Amended Site Plan Approval. Exhibit 1, Answer to Interrogatory No. 12. Question 2 asks whether Applicant complied with Condition 3 of the Amended Site Plan Approval which requires Applicant to provide evidence that the use of the portable toilet from May – October had been approved by the Department of Environmental Conservation Regional Drinking Water and Groundwater Division within 60 days of the December 16, 2019 decision.

The Court finds that the February 13, 2020 letter from Jeremy Revell, licensed wastewater designer with Lincoln Applied Geology, Inc., satisfies this condition of approval. See Exhibit P. As a state-licensed wastewater designer, Mr. Revell is qualified to provide an opinion as to

6

Applicant's provision of a portable toilet between May and October when the pavilion is in use under the DEC's Wastewater System and Potable Water Supply Rules referenced in the letter. As explained further in response to Questions 3 – 5, Mr. Revell expressed confidence in the letter that Applicant's use of the pavilion falls under the § 1-304(27) exception to the wastewater permit requirement in the Wastewater System and Potable Water Supply Rules. His determination that Applicant will be providing an adequate number of alternative handwashing and toilets to meet this requirement of the § 1-304 permit exemption is sufficient evidence of DEC approval of Applicant's use of a portable toilet for the pavilion.

Neighbor argues that the letter does not establish approval in satisfaction of Condition 3 because it does not explain what constitutes an "adequate number of alternative toilets" as § 1-304(27) requires. It is outside the scope of the Court's review to set parameters for what is "adequate," or to require a report as to the number of people attending events where the Wastewater System and Potable Water Supply Rule has not. The Court's role in this matter is to review the issuance of the CO in light of the DRB's conditions of approval, and Condition 3 merely requires evidence that the use of a portable toilet has been approved. Exhibit I. The opinion of a licensed wastewater designer provides this evidence. Question 2 is answered in the affirmative in Applicant's favor.

*b. Questions 3, 4, and 5*

Questions 3 asks whether Applicant obtained authorization from the DEC for the use of the existing mound wastewater system by members of the public patronizing the pavilion. Question 4 asks whether the existing wastewater permit authorized the construction and operation of the pavilion and Question 5 asks whether Applicant has a wastewater permit to authorize operation of the pavilion. These questions relate to Condition 6 of the 2019 Site Plan Approval ("[a]pplicants will need to meet the requirements of all Local, State, and Federal permits . . .) and Condition 5 of the Amended Site Plan Approval ("applicant must secure any additional state or federal permits . . ."), as well as Condition 1 of the NOV appeal which requires compliance with prior conditions of approval.

7

Applicant's restaurant uses a mound-type wastewater disposal system that is approved for use by a restaurant with 39 seats serving three meals per day under the existing wastewater permit issued in 1995. Exhibit P (attached to letter from Jeremy Revell). The existing permit applies only to the restaurant and states that the system "is not eligible to service any expansion or increase in occupancy of the existing establishment." Exhibit P. Neighbor argues that the construction and operation of the pavilion constitutes an expansion of the existing establishment that is not authorized by the existing wastewater permit. As a result, she argues Applicant should have authorization from the DEC for the use of the mound system by patrons of the pavilion as well as a wastewater permit that applies to the pavilion.

While the Court agrees that the existing wastewater permit does not authorize expansions or increases in the occupancy, it does not follow that Applicant must have DEC authorization or a new wastewater permit for the operation of the pavilion. First Applicant's use of the pavilion does not amount to an expansion or increase in occupancy in the meaning of the existing permit. The construction of the pavilion did not add seats to the indoor restaurant as there is no reason to believe Porky's serves those in the pavilion. Food preparation during pavilion events is confined to a food truck and the indoor restaurant is closed. Exhibit P; Exhibit 1, Answer to Interrogatory No. 9A. People have access to a portable toilet during both event and non-event uses of the pavilion so they will not need to use the indoor facilities. Exhibit I (Amended Site Plan Approval permits Applicant to leave portable toilet on-site from May through October). The pavilion is not connected to water or sewer. Exhibit P. Applicant's operations at the pavilion do not impact the existing wastewater system and consequently do not need authorization.

Additionally, Applicant's use of the pavilion is exempt from wastewater permitting requirements under § 1-304(27) of the Wastewater System and Potable Water Supply Rules. As Jeremy Revell explained in his February 13, 2020 letter, Applicant's use of the pavilion meets all of the requirements of the permit exemption:

> (A) The pavilion is currently not connected to water or sewer; (B) and the pavilion will only host 28 days of events per year; (C) food preparation will be provided by your Vermont Department of Health licensed food truck; (D) the events will not require onsite

8

water or waste disposal; (E) an adequate number of alternative handwashing and toilets will be provided;  and  (G) records of each event will be kept for review by the Secretary as requested.

Exhibit P.  Neighbor argues that Applicant identifies more than 28 events at the pavilion in 2019 in response to Interrogatory No. 1.  The Wastewater System and Potable Water Supply Rules do not define the term "event" in relation to this exemption, but as Neighbor acknowledges, the Court and the DRB have previously defined "event" in this matter as activity at the pavilion that extends past 9:00pm.  The evidence shows that Applicant hosted 22 events that continued past 9:00pm at the pavilion in 2019, and a combined total of 26 non-event and event uses of the pavilion on 25 days in 2019.  Exhibit 2, Answer to Interrogatory No. 1.  Applicant held 28 events at the pavilion in 2020.  Exhibit 1, Answer to Interrogatory No. 4.

The Court answers Question 3, 4, and 5 in the negative, but concludes that Applicant has still satisfied the DRB conditions of approval as operation of the pavilion does not impact the existing wastewater permit nor necessitate a new wastewater permit.

*c. Questions 1 and 8*

Neighbor asks similarly in Questions 1 and 8 of the SOQ whether Applicant complied with Condition 1 of the DRB's December 16, 2019 decision on the NOV appeal.  Condition 1 upheld the NOV with respect to Applicant's use of the outdoor pavilion without a CO, and stipulated that a CO "cannot be issued" until Applicant complied with "all conditions of the original permit 2018-DRB-08-SP and as conditioned by 2019-DRB-07-SP, including the procurement of all required state permits within the prescribed time limits with respect to wastewater, septic and Department of Health."  Exhibit J.  The 2019 Site Plan Approval incorporates the conditions in effect in the original permit 2018-DRB-08-SP, see Exhibit C (Finding 7 and Condition 1), and 2019-DRB-07-SP is the Amended Site Plan Application.  Exhibit I.

The undisputed facts show that Applicant provided the Town of New Haven with a number of permits and permissions for the operation of the pavilion.  Applicant has obtained a Meals and Rooms Tax License (Exhibit K), a Board of Health License to Operate – Restaurant Seating 26 – 50 (Exhibit L), a Board of Health Caterer's License (Exhibit M), a Third Class Restaurant/Bar License to Sell Spiritous Liquors for On-Premise Consumption (Exhibit N), and an

Outside Consumption Permit (Exhibit O). Further, Applicant's February 13, 2020 letter from the licensed wastewater designer, Jeremy Revell, serves as evidence that the use of a portable toilet from May – October is approved by the DEC.

Neighbor agrees that Applicant submitted these permits to the Town of New Haven but denies the assertion that they satisfy all of the DRB's requirements. In support of this point, Neighbor cites only the absence of a wastewater permit from the DEC authorizing the use of the pavilion. As discussed in relation to Questions 3 – 5 above, the letter from Jeremy Revell provides sufficient evidence that Applicant does not need a wastewater permit for the use of the pavilion. Neighbor does not cite to any missing permits or provide any other reason for the Court to find that Applicant has not provided all of the required state permits in satisfaction of Condition 1.

Though Condition 1 has a broad scope, Neighbor only briefed these Questions with regard to the state permitting requirements in Condition 1 and not to the more general obligation to meet all other conditions of approval. There is no offer that Applicant failed to comply with any conditions of approval other than those cited in the SOQ. The Court answers Question 1 in the negative, finding that the undisputed facts show Applicant complied with Condition 1 of the DRB decision in the NOV appeal, and answers Question 8 in the affirmative that the issuance of the CO did not violate Condition 1.

*d. Question 9*

Question 9 asks whether the issuance of the CO by the Zoning Administrator, and the approval thereof by the DRB, are illegal and improper under the circumstances of this case.

This question is overly broad and cumulative of the other Questions. Neighbor has not provided any reason to for the Court to find the CO to be illegal or improper other than the concerns as to permitting that the Court has already addressed. Question 9 is consequently **DISMISSED**.

*e. Applicant's request for costs*

In the motion for dismissal or summary judgment in the alternative, Applicant also argues that he should be awarded reasonable costs and attorney's fees on the instant appeal. Applicant argues that he has been forced to appear before the Court for the second time to obtain relief that should have been forthcoming after the appeal of the Site Plan and NOV appeal in Docket No. 6-1-20 Vtec.

Vermont courts rarely award litigation expenses under the "American Rule" that Vermont and most other U.S. jurisdictions follow where such an award is not provided by statute or contract. Appeal of Gadhue, 149 Vt. 322, 327 – 328 (1987). While certain circumstances can justify exceptions to this rule, the Court does not find such circumstances here. Applicant cites no evidence of bad faith or other conduct that could justify the request aside from the fact that he is having to defend his interests for a second time in an appeal of a DRB decision related to his business. As the Court has not previously considered Neighbor's objections to the issuance of the CO prior to the instant appeal, Applicant's argument is unpersuasive. The Court denies the request for reasonable costs and attorney's fees.

## Conclusion

For the foregoing reasons, the Court **GRANTS** Applicant's request for summary judgment and enters judgment in Applicant's favor on Neighbor's Questions 1 – 5 and 8. Questions 6, 7, and 9 are **DISMISSED**. The Court **DENIES** Applicant's request for costs and attorney's fees. A Judgment Order accompanies this decision.

Electronically Signed: 12/21/2021 10:55 AM pursuant to V.R.E.F. 9(d).

Thomas G. Walsh, Judge
Superior Court, Environmental Division

11