## Douglas Littlefield d/b/a Buff Ledge Association v. Town of Colchester, et al.

[552 A.2d 785]

No. 86-562

Present: **Peck, Dooley and Mahady, JJ., and Connarn, D.J. (Ret.), Specially Assigned**

Opinion Filed August 12, 1988

*Thomas D. Roberts* of *Lisman & Lisman*, Burlington, for Plaintiff-Appellant.

*David A. Barra* of *Paul, Frank & Collins, Inc.*, Burlington, for Defendants-Appellees.

---

**Peck, J.** This is an appeal from an action of the Chittenden Superior Court dismissing plaintiff's civil action for damages against the Town of Colchester and the individual members of the Colchester Planning Commission (defendants). We affirm.

On May 23, 1984, the Town of Colchester Planning Commission issued a written decision denying plaintiff's application for a commercial subdivision. Plaintiff appealed that decision to the Chittenden Superior Court. On January 22, 1985, plaintiff initiated a civil action against defendants, also in the Chittenden Superior Court, for damages, declaratory and injunctive relief for alleged violations of plaintiff's state and federal civil rights.

On March 11, 1985, plaintiff voluntarily dismissed with prejudice the appeal of the denial of his subdivision application. Following the dismissal of the appeal, defendants moved to dismiss plaintiff's civil action against them. On August 30, 1985, the trail court dismissed plaintiff's claim with respect to injunctive and declaratory relief. Before trial, defendants again moved to dismiss and for summary judgment with respect to the remaining claim for damages. On October 2, 1986, the trial court granted that motion. It is from this order that plaintiff appeals.

The sole issue on appeal is whether plaintiff's voluntary dismissal with prejudice of his appeal of the denial of his subdivision application bars his right, in a separate civil action, to contest the constitutionality of the Planning Commission's action pursuant to 42 U.S.C. § 1983. 24 V.S.A. § 4472(a) provides "the exclusive remedy of an interested person with respect to any decision or act taken, or any failure to act, under this chapter" shall be by appeal to the superior court for a de novo trial. See *Smith* v. *Winhall Planning Commission*, 140 Vt. 178, 180, 436 A.2d 760, 760 (1981). However, it is also well established that a civil action for unconstitutional deprivation of property, in violation of 42 U.S.C. § 1983, is not dependent on the zoning appeal mechanism set out in 24 V.S.A. § 4472. *Harvey* v. *Town of Waitsfield*, 137 Vt. 80, 83, 401 A.2d 900, 902 (1979); see also *Scott* v. *Vandiver*, 476 F.2d 238, 239-40 (4th Cir. 1973) (claimant under 42 U.S.C. § 1983 does not have to exhaust state judicial remedies). Consequently, even though a person who has been denied a subdivision application chooses not to take an appeal to the superior court for a de novo trial pursuant to 24 V.S.A. § 4472, he or she may potentially bring an action under 42 U.S.C. § 1983 for violation of his or her constitutional rights. *Harvey*, 137 Vt. at 83, 401 A.2d at 902.

In this case, plaintiff brought an appeal which he voluntarily dismissed with prejudice pursuant to V.R.C.P. 41(a). A dismissal with prejudice is treated as an adjudication on the merits, which in this case is tantamount to a concession by plaintiff that he was not entitled to the permit that was denied him.

In order to state a cause of action under 42 U.S.C. § 1983, plaintiff must aver "(1) an act under color of state law which (2) deprive[ed] [him] of a constitutional or federal statutory right. To claim damages, a plaintiff must also allege that the deprivation has caused an injury." 4 A. Rathkopf & D. Rathkopf, The Law of Zoning and Planning § 46.06(c) (4th ed. 1987); see *Citizens Council on Human Relations* v. *Buffalo Yacht Club*, 438 F. Supp. 316, 320 (W.D.N.Y. 1977); see also *Warth* v. *Seldin*, 422 U.S. 490, 499 (1975) (to have standing to raise § 1983 claim, plaintiff must show injury).

In the instant case, plaintiff can no longer allege — by virtue of his voluntary dismissal with prejudice — the injury necessary to make out a damages claim under 42 U.S.C. § 1983. See *Warth*, 422 U.S. at 499. Accordingly, the trial court properly granted summary judgment against plaintiff.

*Affirmed.*