# Len Silverfine v. Town of Bakersfield and Bell-Gates Lumber Company

[586 A.2d 554]

No. 89-079

Present: Allen, C.J., Peck, Gibson, Dooley and Morse, JJ.

Opinion Filed December 14, 1990

Motion for Reargument Denied January 4, 1991

*Douglas D. DeVries*, Enosburg Falls, and *Michael Rose*, St. Albans (On the Brief), for Plaintiff-Appellant.

*Brown, Cahill, Gawne & Miller*, St. Albans, for Defendant-Appellee Town of Bakersfield.

*David M. Yarnell* and *Jesse D. Bugbee* of *Kissane, Yarnell & Cronin,* St. Albans, and *Philip J. Fitzpatrick,* Jeffersonville, for Defendant-Appellee Bell-Gates Lumber Company.

*Jeffrey L. Amestoy,* Attorney General, and *Andrew W. MacLean,* Assistant Attorney General, Montpelier, for Defendant-Appellee State of Vermont.

**Morse, J.** Plaintiff landowner appeals from the dismissal of his suit, which alleges that his civil rights were violated when defendant Town of Bakersfield, pursuant to an unconstitutional state statute, granted defendant Bell-Gates Lumber Co.'s petition to lay out a right-of-way across his land in order to transport its lumber. We affirm the dismissal of the suit, but on grounds different from those relied on by the trial court.

The parties stipulated to the facts. During the spring of 1983, pursuant to 19 V.S.A. § 325,[1] Bell-Gates petitioned the Town of Bakersfield for permission to lay out a right-of-way to remove logs across plaintiff's property. The Town granted Bell-Gates's petition, provided that the company pay plaintiff $100 for the estimated damage to his property, post a $1,500 bond to cover potential damages from runoff, and complete the logging operation within two years. In April of 1986, following two attempted suits by plaintiff,[2] the Town gave Bell-Gates until April of 1987 to begin the operation and another two years after that to com-

---

[1] 19 V.S.A. § 325 provided:

> When it becomes necessary for the practical removal of lumber, wood, or other material, to pass through the lands of a person other than the owner of the land from which such lumber, wood, or other material is to be removed, the selectmen, in their discretion, may lay out a right of way through the land of any person for the purposes aforesaid, and, upon notice to and hearing of the owner of the lands, shall determine the necessity of such right of way, and such damages shall be paid by the person applying for such right of way before the same shall be open for use. A party aggrieved by the action of the selectmen may appeal by way of petition to the county court as provided in case of refusal of selectmen to lay out, alter or discontinue highways.

In 1986 the provision was superseded by 19 V.S.A. § 958.

[2] Prior to the instant complaint, plaintiff had filed two other complaints. The superior court dismissed the first complaint filed in September, 1983 for improper service, and this Court dismissed the appeal in July of 1984 for lack of a final judgment. The second complaint was filed in April of 1985. It was dismissed by the superior court, and then again on appeal for lack of progress.

plete it. Bell-Gates began work sometime between the fall of 1985 and the spring of 1986 and completed it sometime between March and August of 1988.

In January of 1987 plaintiff brought this suit, claiming damages under 42 U.S.C. § 1983 for an unconstitutional taking of his property. There are four counts to the complaint: (1) against Bell-Gates for appropriating the right-of-way, plaintiff seeks ten thousand dollars in compensatory damages, an injunction from using the right-of-way across his land, and a declaration that § 325 is unconstitutional; (2) against the Town of Bakersfield for granting Bell-Gates's petition, plaintiff seeks compensatory damages of one dollar and the same declaration; (3) against the State of Vermont for enacting an unconstitutional statute, plaintiff requests unspecified compensatory damages along with the same declaration. The fourth count, added later, states that the Declaratory Judgments Act, 12 V.S.A. §§ 4711–4725, gives the court the authority to adjudicate the parties' rights vis-a-vis § 325. The trial court dismissed the case, concluding that the temporary right-of-way across plaintiff's property did not constitute an unconstitutional taking.

On appeal, plaintiff argues that defendants' actions pursuant to § 325 constitute an unlawful taking for private purposes in violation of the Fifth Amendment to the United States Constitution and Chapter I, Article 2 of the Vermont Constitution. Because plaintiff can no longer allege an injury necessary to make out a damages claim under 42 U.S.C. § 1983, we do not reach plaintiff's constitutional arguments.

██ In order to claim damages in a § 1983 action, a plaintiff must allege that the deprivation of a constitutional right caused an injury. *Littlefield v. Town of Colchester*, 150 Vt. 249, 251, 552 A.2d 785, 786 (1988) (once plaintiff voluntarily dismissed his underlying appeal of the denial of his application for a commercial subdivision, no injury existed to support subsequent § 1983 action). Although the record is silent, the plaintiff has apparently either accepted the $100 in damages ordered by the Town or waived the payment. By foregoing the appeals process, see 19 V.S.A. § 923(5) ("[i]f an owner is dissatisfied with the award for damages he or she may appeal using any of the procedures listed in chapter 5 of this title," which include a right to appeal the amount of compensation or the necessity of

the right-of-way), or by not seeking timely injunctive relief, plaintiff has foreclosed the instant § 1983 action. The underlying injury necessary to make out the § 1983 action was never put in issue and Bell-Gates's logging operations have long ceased. We will not provide an advisory opinion on the constitutionality of a statute where there is no longer a live dispute between the parties. See *Robtoy v. City of St. Albans*, 132 Vt. 503, 504, 321 A.2d 45, 46–47 (1974) ("an action for declaratory relief must be based on an actual controversy"); *Golden v. Zwickler*, 394 U.S. 103, 108 (1969) (courts may pass on constitutionality of statutes only when necessary to protect litigants against actual interference).

Plaintiff argues that he "is not taking issue with the selectmen's award for damages but is seeking redress under 42 U.S.C. § 1983 for a violation of his constitutional rights." Nonetheless, as the United States Supreme Court has stated, "[s]ection 1983 presupposes that damages that compensate for actual harm ordinarily suffice to deter constitutional violations." *Memphis Community School Dist. v. Stachura*, 477 U.S. 299, 310 (1986). Accordingly, damages based on the speculative abstract value of a violated constitutional right are not a permissible element of compensation in § 1983 actions. *Id.* at 310. Moreover, this is not the type of § 1983 action where reasonably quantifiable presumed damages may substitute for compensatory damages representing actual injuries. Presumed damages are appropriate only when compensation is sought for "an injury that is likely to have occurred but difficult to establish" or impossible to measure. *Id.* at 310–11; see, e.g., *Hobson v. Wilson*, 737 F.2d 1, 62 (D.C. Cir. 1984) (where FBI agents had violated plaintiffs' First Amendment rights to assemble and speak in peaceable political protest, court held that injury to constitutionally protected interest could itself constitute compensable injury to the extent that it was "reasonably quantifiable" and not based on "the so-called inherent value of the rights violated").

*Affirmed.*