Filed 11/13/23





VERMONT SUPERIOR COURT
Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org

CIVIL DIVISION
Case No. 23-CV-01316

Vermont Human Rights Commission v. Town of St. Johnsbury

## Opinion and Order on the Town's Motion to Dismiss

In this case, the Vermont Human Rights Commission (HRC) claims that Defendant the Town of St. Johnsbury, acting through its development review board (DRB), discriminated against Ms. Nicole Stone by refusing to grant a zoning variance permitting an accessory structure constructed without a permit and in violation of municipal zoning regulations. The HRC claims that the denial amounts to a discriminatory refusal to accommodate Ms. Stone's disability in violation of the Vermont Fair Housing and Public Accommodations Act (VHPA), 9 V.S.A. §§ 4500–4507. The HRC maintains that Ms. Stone relies upon a motorized wheelchair for mobility and allegedly needs the outdoor sheltered structure to meet with her caseworker or other caregivers. Ms. Stone is not a party to this case. The HRC brought this action, pursuant to its statutory authority, 9 V.S.A. §§ 4551–4556, for Ms. Stone's benefit and in the public interest. *See* 9 V.S.A. § 4506(c). The Town has filed a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. It argues that this Court lacks jurisdiction over the VHPA claim because no one sought *de novo* review of the DRB's variance denial, which now is final, in the Environmental Division.[1] 24 V.S.A. § 4472.

---

[1] The substance of the HRC's VHPA claim is not at issue at this time.

The Court has considered the written submissions of the parties as well as their oral arguments. The Court determines as follows.

I.     Procedural Standard

As the Vermont Supreme Court has described, when considering a motion to dismiss for lack of subject matter jurisdiction, "'all uncontroverted factual allegations of the complaint [are] accepted as true and construed in the light most favorable to the nonmoving party.' 'A court may consider evidence outside the pleadings.'" *Mullinnex v. Menard*, 2020 VT 33, ¶ 8, 212 Vt. 432 (citations omitted); *see also Conley v. Crisafulli*, 2010 VT 38, ¶ 3, 188 Vt. 11, 14 (court may accept evidence from outside the record to resolve dispute as to jurisdiction). Neither party has sought to expand the record beyond the allegations of the complaint.

II.     Allegations in the Complaint

The HRC alleges as follows. Ms. Stone, a St. Johnsbury resident, is restricted to ambulating by use of a motorized wheelchair. In the early days of the Covid pandemic, she or members of her household determined that there was no way for her to meet with caregivers or case workers inside her home due to insufficient space to safely distance from each other. To make a safe space for such meetings, a member of her household constructed an outdoor, sheltered structure that would permit distanced meetings while protecting the wheelchair from rain and mud, which it cannot tolerate. No zoning permit had been sought for the structure prior to its construction; and, in fact, it was built in violation of a side yard setback under the Town's zoning bylaws.

A neighbor complained to the Town, bringing the matter to the attention of the Town's zoning administrator (ZA). The ZA pointed out the zoning violation to Ms. Stone

or her household members and advised them to seek a variance from the DRB. A variance, if granted, could have cured the zoning violation and permitted the structure. The member of the household who constructed the structure sought the variance, explaining to the DRB the circumstances that prompted it, including Ms. Stone's "disability-related need for the structure." Despite that presentation and the request for the variance on that basis, the DRB denied the request. The complaint avers that the DRB's decision amounts to discrimination because it was a "denial of a reasonable accommodation request which would have afforded [Ms. Stone] an equal opportunity to use and enjoy her dwelling."[2]

No one appealed the DRB's denial of the variance, which then became final under 24 V.S.A. § 4472.[3] Ms. Stone or household members subsequently complained to the HRC, which eventually filed this case claiming a VHPA violation.

III.    Analysis

The parties agree on most of the fundamental issues that frame the jurisdictional debate. Specifically, the DRB is empowered to consider the discriminatory effect of denying a variance and to grant a variance to avoid that discriminatory effect. *See generally* 24 V.S.A. § 4412(1)(A) (barring municipal panels from applying zoning bylaws so as violate 9 V.S.A. § 4503), § 4469 (zoning variances). The denial could have been appealed to the Environmental Division, 24 V.S.A. § 4471, and the Environmental

---

[2] Nothing in the complaint indicates that the structure could not have been moved in compliance with the setback regulation or otherwise that a variance was necessary to accommodate Ms. Stone's disability. For purposes of this decision, the Court presumes that was, at least, arguably the case.

[3] The record implies that the Town thus far has not taken any enforcement action to cure the violation.

Division, likewise, is authorized to analyze the discriminatory effect of denying a variance application as necessary to avoid any such discrimination. *See In re Union Bank*, No. 299-12-06 Vtec, 2007 WL 6970402 (Vt. Envtl. Ct. Dec. 5, 2007) (Durkin, J.) ("Where the application of municipal zoning regulations is the direct source of discrimination against a disabled person [under the ADA], the appropriate municipal panel in the first instance, and this Court on appeal, should consider making 'reasonable modifications' in its interpretation of that zoning regulation to accommodate the disabled person."). The Environmental Division has jurisdiction to review zoning appeals, and the Civil Division has jurisdiction over VHPA claims.

The Town argues that, in light of the ability of the municipal and Environmental Division proceedings to determine the issue of reasonable accommodations, the lack of an appeal from the DRB, and the resulting finality of that ruling, there is nothing left for this Court to do under the VHPA. This case is, the Town argues, an impermissible collateral attack on a final zoning decision in a court with no jurisdiction to review zoning decisions.

In making this argument, the Town construes the complaint, in part, as seeking injunctive relief effectively permitting the structure regardless of the final zoning decision. The Town's interpretation of the complaint is reasonable to the extent that one item of relief sought, the requests for injunctive relief, are vague and ostensibly broad enough to encompass such relief. The HRC's position has been changeable. In opposition to dismissal, the HRC stated that it accepts the finality of the DRB decision and is seeking no such relief. At oral argument, the HRC indicated that it may be seeking declaratory relief and other relief that may flow from a determination that the failure of

the DRB's decision to deny a reasonable accommodation was discriminatory. It also said that it was seeking to "keep the structure," although it also indicated that whether such relief would be permitted could be addressed "down the road" in this case.

There can be no doubt that the DRB's variance decision is final and cannot be contested, directly or indirectly, in this forum. The statute setting out finality and exclusivity-of-remedy principles for zoning decisions is not ambiguous. Under 24 V.S.A. § 4472(a), Ms. Stone's exclusive remedy for the variance denial was *de novo* review in the Environmental Division. The right to that review, and any relief that Court may have ordered, was lost forever when no appeal was taken. The related finality provision is crystal clear: "Upon the failure of any interested person . . . to appeal to the Environmental Division . . ., all interested persons affected shall be bound by that decision or act . . . and shall not thereafter contest, *either directly or indirectly*, the decision or act." 24 V.S.A. § 4472(d) (emphasis added); *Levy v. Town of St. Albans Zoning Bd. of Adjustment*, 152 Vt. 139, 142 (1989) ("Plaintiffs did not appeal the 1984 decision of the zoning board, but they collaterally attack that decision in this lawsuit. The statute unequivocally forecloses such a contest, and the superior court was without jurisdiction to consider it.").

A long line of Vermont Supreme Court authority has enforced that finality provision with consistent vigor. *See, e.g., City of S. Burlington v. Dep't of Corr.*, 171 Vt. 587, 588 (2000) (collecting cases and noting that: "The policy underlying the statute is to assure parties of finality."). It has done so even in the face of significant countervailing considerations, including assertions that a permit was "void" because it was beyond the zoning board's authority, *Levy,* 152 Vt. at 142, and that the city board lacked jurisdiction

to issue a conditional use permit due to sovereign immunity, *City of S. Burlington,* 171 Vt. at 590 ("Section 4472 demonstrates an unmistakable intent to limit zoning disputes to a well-defined procedure and to provide finality at the end of proceedings."). As succinctly stated by our High Court, Section 4472(d):

> embod[ies] through broad and unmistakable language a legislative intent to prevent *any* kind of collateral attack on a zoning decision that has not been properly appealed through the mechanisms provided by the municipal planning and development statutes…. Together, they implement a weighty policy of repose grounded in the premise that, with respect to municipal zoning, there should, in fairness, come a time when the decisions of an administrative officer become final so that a person may proceed with assurance instead of peril.

*In re Hopkins Cert. of Compliance*, 2020 VT 47, ¶ 8, 212 Vt. 368 (internal quotations omitted; emphasis in original).

There also can be no doubt that the Civil Division has exclusive jurisdiction over VHPA claims. 9 V.S.A. §§ 4506(a), (c), 4553(a)(6)(B). There is no dispute that the Town is subject to the VHPA in this context. It applies to any person, and it makes unlawful the refusal "to make reasonable accommodations in rules, policies, practices, or services when such accommodations may be necessary to afford a person with a disability equal opportunity to use and enjoy a dwelling unit, including public and common areas." 9 V.S.A. § 4503(a)(10).

The Town does not argue that the VHPA does not apply to it or in this context. Instead, it maintains that, because the discrimination issue is one of the issues the DRB is to consider in weighing whether to grant a variance, and because the DRB's decision denying the variance is now final, any determination by this Court to the effect that the Town violated the VHPA by denying the variance would be an impermissible collateral attack on that final decision. The HRC generally emphasizes that this Court, not the

Environmental Division, has jurisdiction over VHPA claims, and the HRC only has jurisdiction to sue in the Civil Division; it had no opportunity to participate in the zoning proceeding. It also emphasizes that there is other relief available in this Court that could not have been available in the zoning proceeding, including compensatory and punitive damages, attorney fees, and injunctive relief (other than an award of a variance). *See* 9 V.S.A. § 4506(a), (b).

In the specific circumstances of this case, the Court agrees with the Town's position. Finality under 24 V.S.A. § 4472(a) for lack of appeal "is treated as an adjudication on the merits, which . . . is tantamount to a concession by plaintiff that he was not entitled to the permit that was denied him." *Littlefield v. Town of Colchester*, 150 Vt. 249, 251 (1988). There is no meaningful way for this Court to rule on an asserted VHPA claim focused on the denial of a zoning permit when that denial has become final under 24 V.S.A. § 4472.[4] No matter what relief the HRC is seeking here, it is asking the Court to rule that the variance should have been granted. Only the DRB or, on review, the Environmental Division and the Supreme Court can do that. In short, the HRC is asking this Court to make a ruling that is in conflict with the final decision of the DRB. Indeed, the HRC confirmed at oral argument that a necessary element of proof in establishing its case before this Court is proving that the DRB should have granted the variance as a reasonable accommodation for Ms. Stone's disability. In the Court's view,

---

[4] The HRC's claim is based solely on the allegation that the DRB failed to grant the variance as a reasonable accommodation when it should have done so. The Court expresses no view on the application of the finality rule to allegations of different types of municipal discrimination.

such a ruling, at the very least, would be an indirect collateral attack on the DRB's contrary decision to deny the variance as a reasonable accommodation.

The distinction between this case and *Blanche S. Marsh Inter Vivos Trust v. McGillvray*, 2013 VT 6, 193 Vt. 320, helps to make the point. In that case, as a zoning matter, the Environmental Division awarded a permit to construct a dwelling within the Quechee Lakes subdivision. Subsequently, in a separate declaratory action, the Civil Division "concluded that plaintiff's proposed construction violated the applicable restrictive covenants and deed restrictions." *Id.*, 2013 VT 6, ¶ 1, 193 Vt. at 323. Among other things, the plaintiff argued "that the civil division did not have jurisdiction over [the] declaratory judgment action in light of the Environmental Division's ruling that construction of a single-family dwelling . . . was permitted." *Id.*, 2013 VT 6, ¶ 18, 193 Vt. at 329. In other words, the plaintiff argued that the civil action was a collateral attack on the zoning decision that was barred by 24 V.S.A. § 4472.

The Court explained that the argument confused the distinction between the subject matters and which courts had jurisdiction over which subject matter.

> [This argument rests] on a misunderstanding of the difference between the issuance (or denial) of a zoning permit pursuant to applicable zoning regulations and enforcement of private property rights embodied in deed restrictions and covenants. The two matters are distinct. The governing sources of law—Hartford's zoning regulations and the Master Plan upon which municipal approval of the development was predicated in the case of the zoning permit application, and the deed and Covenants in the case of the private property rights—are separate. Different courts have the authority to decide the respective questions.
>
> If the question in this case were the validity of the municipal zoning permit issued to plaintiff . . ., we might agree with plaintiff's arguments. But the question in this case is not the validity of the municipal zoning permit. The questions posed by plaintiff's quiet title action are [the effects of deed restrictions].

The civil division clearly had authority to address these latter questions, and the Environmental Division did not.

*Id.*, 2013 VT 6, ¶¶ 19–21, 193 Vt. at 329–30 (citations omitted). In effect, the Supreme Court ruled that a landowner can be entitled to a zoning permit but not have property rights sufficient to use it. Different Courts have jurisdiction to determine those separate issues, and they are not in conflict.

In this case, on the other hand, the HRC's claim overlaps with the zoning proceeding precisely on an issue over which this Court plainly lacks jurisdiction— whether the variance should have been granted based on the request for a reasonable accommodation. And the DRB was empowered to consider the request for accommodation in its own proceeding. Even if the HRC is not asking this Court to grant the variance, any relief it could be entitled to here would depend on a ruling that the variance should have been granted. Unlike in *McGillvray*, where the legal questions of permitting and private deeds did not intersect, to find discrimination in this case, the Court would necessarily have to rule that the variance was wrongfully denied. The Court lacks subject-matter jurisdiction to make such a determination.

The HRC's objection to that result is not insignificant. It maintains that it had no viable way to involve itself in the underlying zoning proceeding and that this Court should have jurisdiction to enforce the VHPA.[5] It is a weighty contention, which is supported by strong policy concerns. But the law of finality under these circumstances is

---

[5] The Court presumes the HRC could have submitted an *amicus* brief at the DRB or, perhaps, taken other action to assist Ms. Stone. The Court accepts the HRC's main point, though, that it could not have been a party or represented Ms. Stone in the municipal proceeding.

unavoidable.  To the extent an alternative policy is appropriate, an amendment to the law can be advocated for to the Legislature.  In fact, the Legislature has already made exceptions to the finality provision for certain constitutional claims and claims asserted by the Vermont Attorney General.  12 V.S.A. § 4472(b).  On the existing law, however, the DRB's decision is final, and the Court lacks jurisdiction to entertain a case, such as this one, that amounts to a collateral attack on that determination.[6]

<u>Conclusion</u>

For the foregoing reasons, the Town's motion to dismiss is granted.

Electronically signed on Wednesday, November 8, 2023, per V.R.E.F. 9(d).


_____
Timothy B. Tomasi
Superior Court Judge

---

[6] This conclusion does not mean that all relief under the VHPA is foreclosed whenever a municipal zoning authority discriminatorily denies a variance in circumstances such as those alleged in this case.  Had Ms. Stone successfully appealed the denial and been granted the variance, she (or the HRC) potentially could have sought any remaining redress under the VHPA, if any, in the Civil Division.  It is the finality of the DRB decision, and the direct overlap and contest of legal issues that forecloses that possibility in this case.