VERMONT SUPERIOR COURT

32 Cherry St, 2nd Floor, Suite 303,

Burlington, VT  05401

802-951-1740

www.vermontjudiciary.org

ENVIRONMENTAL DIVISION

Docket No. 22-ENV-00012



| Town of Marshfield v. Harris | DECISION ON MOTIONS |
|---|---|

The Town of Marshfield ("Town") brings this municipal enforcement action against Henry Harris ("Respondent") seeking fines and injunctive relief to address certain alleged zoning violations at Respondent's property relating to his summer venture, Uprise Camp (the "Camp").  In response, Respondent filed two counterclaims, arguing that the Town misapplied its Zoning Regulations and that the Town's permit review process and this enforcement action violate his rights under the First and Fifth Amendments to the U.S. Constitution via the Fourteenth Amendment, as well as his rights under Articles Four, Seven, Thirteen, and Twenty of the Vermont Constitution.

Before the Court are two pending motions.  The Town asks the Court to dismiss Respondent's counterclaims for lack of subject matter jurisdiction.  In response, Respondent moves to strike the Town's motion in its entirety, and alternatively asks the Court to extend his time to oppose the motion until after the DRB issues a decision in an ongoing permit proceeding.

### Factual and Procedural Background

Respondent Henry Harris owns the property located at 1356 Ennis Hill Road in Marshfield, VT (the "Property").  In 2019, the Town learned that Respondent intended to host a week-long summer camp at the Property and informed Respondent that he would need to apply for a permit for this use.  Respondent applied for and received a temporary permit which was only valid for that year.

In 2020, Respondent again intended to host the camp at the Property but did not initially apply for a permit.  The Town Zoning Administrator ("ZA") issued a Notice of Violation and in response, Respondent appealed to the DRB.  Due to time constraints, the DRB was unable to process the appeal before Respondent intended to operate the camp, and Respondent operated the Camp without a permit.

In 2021, the ZA issued a letter to Respondent, directing him to apply for a Conditional Use Permit to obtain annual approval for the Camp. Respondent appealed the ZA's determination to the Development Review Board ("DRB"). On July 9, 2021, the DRB issued a decision denying the appeal and concluding that the operation of the Camp was a commercial use, rather than an agricultural use, which required a Conditional Use Permit ("2021 DRB Decision"). Respondent did not appeal the DRB's decision, which makes it final and binding. Respondent does not allege that there were any procedural issues with the DRB's proceedings. On August 6, 2021, the ZA issued an NOV ("2021 NOV") indicating that Respondent was in violation of the Zoning Regulations and the DRB's July 9 Decision. Respondent did not appeal the August 2021 NOV, which makes it final and binding. Respondent filed a subsequent conditional use permit application, which is currently pending before the DRB.

## Discussion

In their motion to dismiss, the Town argues that this Court lacks jurisdiction over Respondent's counterclaims because they are an impermissible collateral attack on a final judgment and therefore the Court should dismiss those claims. In a motion to dismiss for lack of subject matter jurisdiction under 12(b)(1), we accept all uncontroverted factual allegations as true and construe them in the light most favorable to the nonmoving party. Rheaume v. Pallito, 2011 VT 72, ¶ 2, 190 Vt. 245. For this motion, Respondent is the nonmoving party. For the reasons set forth below, we agree with the Town and dismiss Respondent's counterclaims.

Pursuant to 24 V.S.A. §§ 4471 and 4472(a), the "exclusive remedy" for a party seeking to challenge a municipal act or decision, such as the NOV, is to appeal. If an appeal is not taken, then the underlying act or decision becomes final and cannot be contested "directly or indirectly" in subsequent proceedings. 24 V.S.A. § 4472(d); see also Levy v. Town of St. Albans Zoning Bd. of Adjustment, 152 Vt. 139, 142 (1989). Thus, "[f]ailure to file a timely appeal from a decision . . . deprives [this] court of jurisdiction to consider that decision." In re Ashline, 2003 VT 30, ¶ 8.

Count I of Respondent's Counterclaim alleges that the Town knowingly and intentionally deprived Respondent of his First, Fifth and Fourteenth Amendment rights under the U.S. Constitution and 42 U.S.C. § 1983, as applied to his Property. Specifically, Respondent alleges that the Town's denial of his Conditional Use Permit application was a prior restraint on expressive conduct and that the Town's inquiries into the nature of Respondent's activities rendered the permitting process a content-based restriction on speech.

Similarly, Count II challenges the Town's regulations and actions, as applied to the Property, by arguing that they prohibit Respondent's accessory on-farm activities in violation of 24 V.S.A. § 4412(11). Further, Respondent argues that the Town's regulations and actions in applying those regulations to the Property infringe on his First and Fifth Amendment rights under the U.S. Constitution and his rights under Articles Four, Seven, Thirteen, and Twenty of Chapter 1 of the Vermont Constitution.[1]

Respondent's counterclaims seek to challenge the merits of the 2021 DRB Decision denying him a conditional use permit and the merits of the 2021 NOV. We lack jurisdiction over Respondent's counterclaims because they are a collateral attack on the 2021 DRB Decision and 2021 NOV. It is undisputed that Respondent did not appeal either the 2021 DRB Decision or the 2021 NOV. Accordingly, these decisions are final and binding. See 24 V.S.A. § 4472(a) ("[T]he exclusive remedy of an interested person with respect to any decision or act taken… shall be the appeal to… the Environmental Division…."). Respondent cannot use this enforcement action to challenge the constitutionality of either the 2021 DRB Decision or the 2021 NOV or present any other attack on their merits. See Hinsdale v. Vill. of Essex Junction, 153, Vt. 618, 627 (1990) (explaining that 24 V.S.A. § 4472(b) allows a plaintiff to attack the constitutionality of a provision of the zoning ordinance, but does not authorize subsequent constitutional challenges to final judgments); Burlington v. Sisters & Brothers Inv. Grp., LLP, 2023 VT 24, ¶ 13 (explaining that collateral attacks are impermissible even where the municipal zoning board had no authority to issue the decision). Accordingly, we **GRANT** the Town's Motion to Dismiss Counts I and II of Respondent's Counterclaim for lack of jurisdiction and **DENY** Respondent's Motion to Strike.

Respondent's Motion to Strike also asks for an extension of time to file an additional response. The request points to a pending permit proceeding before the DRB, which Respondent previously requested be coordinated with this enforcement action. On September 8, 2023, this Court denied Respondent's request to coordinate the two proceedings because there was no appeal before the Court concerning that second matter. Town of Marshfield v. Harris, No. 22-ENV-00012 (Vt. Super. Ct. Envtl. Div. Sept. 8, 2023) (Durkin, J.). Nevertheless, the Court postponed trial and directed Respondent to notify the Court as soon as the DRB issued its decision. Given the Court's present ruling on the finality of the 2021 DRB Decision and 2021 NOV, and consequential dismissal of

---

[1] To the extent that any aspect of Respondent's counterclaim is a facial challenge to the Zoning Regulations, this Court lacks jurisdiction to hear those claims. 24 V.S.A. § 472(b); see e.g., Hinsdale v. Vill. of Essex Junction, 153 Vt. 618, 627 (1990); Littlefield v. Town of Colchester, 150 Vt. 249, 250 (1988).

Respondent's counterclaims, the Court does not see a reason to further postpone this enforcement action. The only issue remaining in the present matter is the calculation of penalties. Accordingly, Respondent's motion to enlarge time is **DENIED**.

The Court Operations Manager will schedule this matter for a status conference in the next 30 days to discuss when to hold a hearing on penalty calculations in this enforcement matter.

**So Ordered.**

Electronically signed at Brattleboro, Vermont on Wednesday, January 31, 2024, pursuant to V.R.E.F. 9(d).

Thomas S. Durkin, Superior Judge
Superior Court, Environmental Division